**Alexandria**

KELVIN EUGENE CARBAUGH

v.

COMMONWEALTH OF VIRGINIA

No. 0607-93-4

Decided October 11, 1994

COUNSEL

William A. Crane, Public Defender (Office of the Public Defender, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—In this case, we must determine whether the trial judge erred in revoking nine months of Kelvin Eugene Carbaugh's previously suspended sentence. Carbaugh contends that because the period of probation had expired when he committed the infraction, the trial judge lacked jurisdiction to revoke the suspended sentence. For the reasons that follow, we affirm the judgment.

## I.

The record establishes that on June 19, 1981, Carbaugh pleaded guilty to several offenses and was sentenced in the circuit court as follows: (1) one year in prison for unauthorized use of a motor vehicle, Code § 18.2-102, (2) two years in prison for breaking and entering, Code § 18.2-91, (3) two years in prison for grand larceny, Code § 18.2-95, and (4) four years in prison for arson, Code § 18.2-80. The sentencing judge suspended all of the larceny sentence and two years of the arson sentence and sentenced Carbaugh to consecutive terms of imprisonment totalling five years. The sentencing judge also ordered Carbaugh to serve six years probation upon release from prison. The order did not prescribe a period of suspension for either suspended sentence.[1]

---

[1] The sentencing order states in pertinent part, as follows:
[T]he Court hereby finds [Carbaugh] guilty of each offense and sentences him as follows:

. . . Unauthorized Use of a motor vehicle - one (1) year in the State Penitentiary;

. . . Statutory Burglary - two (2) years in the State Penitentiary;

. . . Grand Larceny - two (2) years in the State Penitentiary;

. . . Arson - four (4) years in the State Penitentiary.

The Court further orders [Carbaugh] to pay the costs of each prosecution and orders each said sentence to run consecutively to and not concurrently with each

On May 19, 1983, Carbaugh was released from incarceration and began his probation. He was convicted of another grand larceny on October 29, 1985. As a result of that conviction, a judge found that Carbaugh violated his probation conditions and ordered the following on July 31, 1986:

> . . . revokes one (1) year of probation and orders that he serve one (1) additional year of the sentences previously suspended. The court continues the suspension of the remaining three (3) years and nine (9) months sentences for a period of seven (7) years, on the original conditions imposed by this Court on June 16, 1981, and on the additional condition that any criminal offense by the Defendant involving alcohol will be a violation of probation.

Following his release from incarceration, Carbaugh was arrested in 1992 for driving under the influence of alcohol. On March 15, 1993, the trial judge found that Carbaugh violated the conditions of the previous order and revoked nine months of the sentence previously suspended in the 1981 conviction for grand larceny. In addition, the trial judge continued Carbaugh's probation upon release from incarceration. Carbaugh appeals from this last revocation order and contends that the trial judge lacked jurisdiction to revoke the suspended sentence.

## II.

After a defendant is convicted, the sentencing judge is given by statute the discretion to "suspend imposition of sentence or suspend the sentence in whole or in part and in addition may place the accused on probation under such conditions as the [judge] shall determine." Code § 19.2-303. In addition, another statute provides that "[i]n any case where a [judge] suspends the imposition or execution of a sentence, [the judge] may fix the period of suspension for a reasonable time." Code § 19.2-303.1.

---

other. For good cause shown, the entire sentence imposed [for grand larceny] and two (2) years of the sentence imposed [for arson] are suspended and [Carbaugh] is placed on probation for a period of six (6) years from the date he is released from service of that portion of the sentences not suspended, on the conditions that [Carbaugh] violate no criminal laws of the Commonwealth of Virginia or any other jurisdiction, maintain gainful employment, support legal dependents, if any, make payment of Court costs imposed and restitution to each victim in an amount to be fixed at a later date.

Furthermore, under Virginia law once a defendant receives a suspended sentence, a judge's power to revoke the suspension of sentence and probation is governed by statute. *Grant v. Commonwealth*, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982); *Dyke v. Commonwealth*, 193 Va. 478, 479, 69 S.E.2d 483, 484 (1952). Suspension of sentence means "either delay in the imposition of a sentence for a crime or the staying of execution of the sentence imposed." *Richardson v. Commonwealth*, 131 Va. 802, 808, 109 S.E. 460, 461 (1921).

The decision in this case is determined by our interpretation of Code § 19.2-306, the statute that authorizes revocation of suspension of sentence and revocation of probation, and by our application of that statute to the sentencing and revocation orders in this case. The statute's first sentence is unwieldy and contains the following one hundred sixty-two words:

> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within one year after the probation period, or if no probation period has been prescribed then within one year after the period of suspension fixed by the court, or if neither a probation period nor a period of suspension has been prescribed then within one year after the maximum period for which the defendant might originally have been sentenced to be imprisoned, whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed.

Code § 19.2-306.

The language of Code § 19.2-306 specifies the periods in which the events amounting to cause for revocation must occur in order for a judge to revoke a suspended sentence. The portion of the statute at issue states that "[t]he court may [revoke the suspension of sentence], for any cause deemed by it sufficient which occurred at any time within the probation period, *or if none*, within

the period of suspension fixed by the court, *or if neither*, within the maximum period for which the defendant might originally have been sentenced to be imprisoned." *Id.* (emphasis added).

Carbaugh reads the words "if none" to refer solely to the term "probation period" and, by logical extension, the words "if neither" as necessarily referring to both the terms "probation period" and "period of suspension fixed by the court." Based upon that reading of the statute, Carbaugh argues that the trial judge could have looked to misconduct that occurred during the "period of suspension" only if no probation period was specified in the sentencing order. In Carbaugh's case, the 1981 sentencing order specified a probation period but the acts of misconduct for which the trial judge revoked part of Carbaugh's suspended sentence did not occur within the probation period. Thus, Carbaugh argues that because his misconduct did not occur during his probation period, the trial judge had no authority to revoke the suspension of his sentence.

■ "When interpreting a statute, the courts have a duty to give full force and effect to every word thereof." *Foote v. Commonwealth*, 11 Va. App. 61, 65, 396 S.E.2d 851, 854 (1990). "A construction which would . . . enervate, impede and paralyze the administration of the criminal laws of the State should not be adopted unless the legislative intent to produce such a result is clearly indicated." *Owens v. Commonwealth*, 129 Va. 757, 761, 105 S.E. 531, 532 (1921). Clearly, the legislature intended to grant broad discretion to judges to revoke suspensions of sentences for cause. *Hamilton v. Commonwealth*, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976). Thus, the statutes "should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." *Grant*, 223 Va. at 684, 292 S.E.2d at 350.

An example of a fairly common sentencing scheme demonstrates that Carbaugh's construction of the statute would produce an absurd result. In a typical case following a conviction, the sentencing judge might suspend part of a sentence, order probation for a specified period, and also specify a period of suspension longer than the period of probation. In that event, if Carbaugh's interpretation were accepted, a convicted person could engage in misconduct without fear of revocation of the suspended sentence after the period of probation, but before the end of the period of suspension. Carbaugh's interpretation would not permit a judge to

revoke the suspended sentence for misconduct that occurred within the period of suspension because the words, "if none," in the statute would act as a bar because a period of probation had been prescribed and the misconduct did not occur within that period.

■ No grammatical rule, however, requires that the words, "if none," in the statute be limited in reference to the term, "probation period." Indeed, in order to give effect to the legislative purpose, the words, "if none," cannot sensibly refer solely to "period of probation." The words, "if none," may, however, reasonably be read to refer to the clause, "for any *cause* deemed by [the judge] sufficient which occurred at any time within the period of probation." Code § 19.2-306 (emphasis added). This interpretation is grammatically sound and consistent with the legislative intent to grant judges broad powers to revoke suspended sentences. " 'Although penal laws are to be construed strictly, they "ought not to be construed so strictly as to defeat the obvious intention of the legislature." ' " *Willis v. Commonwealth*, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (quoting *Huddleston v. United States*, 415 U.S. 814, 831 (1974)).

■ Code § 19.2-306 empowers a judge to "revoke the suspension of sentence and any probation, if the defendant be on probation" in successively disjunctive situations. The statute expressly states that the judge may revoke suspension of sentence and probation for any sufficient cause that "occurred at any time within the probation period." *Id.* As stated above, the words, "if none," relate to the entire clause that precedes them and must be read to refer to "*cause* . . . which occurred . . . within the probation period." *Id.* (emphasis added).

■ Thus, if no cause arose during the probation period, the judge may also revoke the suspended sentence and probation for any "*cause* . . . which occurred . . . within the period of suspension fixed by the court." *Id.* The words, "if neither," must then be read to refer both to "*cause* . . . which occurred . . . within the probation period" and "*cause* . . . which occurred . . . within the period of suspension fixed by the court." *Id.* Although the express wording of the statute does not explicitly address a judge's power to revoke suspension and probation when no period of suspension was fixed, that power is implicit because, if the cause arose during a time that was neither within the probation period nor within a

period of suspension (i.e., no period of suspension was expressly prescribed), the judge could revoke the suspended sentence and probation "within the maximum period for which the defendant might originally have been sentenced to be imprisoned." *Id.* *See Grant*, 223 Va. at 684-86, 292 S.E.2d at 350-51.

An apparent ambiguity arises in the statute because if literally read, the statute appears to allow a judge to revoke a suspension of sentence if cause arises after the expiration of a prescribed period of suspension if the period of suspension is shorter than the maximum possible sentence. It is apodictic, however, that if the sentencing judge suspends a portion of a sentence and prescribes a period of suspension, once that period of suspension expires the defendant is no longer subject to having the suspension revoked. *See id.* at 686, 292 S.E.2d at 351. It is also apodictic that a suspension of sentence is effective immediately upon entry of the conviction order that suspends the sentence. *See Coffey v. Commonwealth*, 209 Va. 760, 763, 167 S.E.2d 343, 345 (1969).

Another apparent ambiguity arises because the portion of the first sentence of Code § 19.2-306 which limits the time within which the defendant may "be arrested and brought before the court" addresses successively disjunctive situations in language slightly different than the initial disjunction. Obviously, to effect the legislative intent both disjunctive situations must be read consistently so as to allow the arrest of a defendant within one year after the period of suspension fixed by the court in those cases where both a period of probation and a period of suspension have been prescribed and where the period of probation has expired.

■ This detailed analysis of Code § 19.2-306 is necessary because the first sentence in Code § 19.2-306 is lengthy and difficult to follow. Although the statute at first glance appears to contain ambiguities, that impression occurs because of the awkwardness of the statute's first sentence. Upon analysis, the statutory scheme is rational and produces a result that is permissible. In drafting conviction orders, however, sentencing judges must be cognizant that probation and suspension of sentence are separate and distinct concepts and that they may be fixed at different intervals to accomplish different goals. *See Grant*, 223 Va. at 685, 292 S.E.2d at 351. Sentencing orders frequently fail to clarify whether a period of suspension of sentence and a period of probation are fixed for the same or different periods of time, particularly where sentenc-

ing orders denominate probation as "unsupervised." Sentencing judges who intend that a sentence shall be suspended for a fixed period, even where the period of suspension is to expire at the same time as the period of probation, should clearly state the respective period of suspension and period of probation in the sentencing order.

In summary, the record in this case establishes that when Carbaugh was released from prison in 1983, he began his six year probation period. In addition, because no period of suspension of sentences was fixed, he was subject to having his two year suspended sentence on the grand larceny charge revoked for cause at any time prior to 2001, the twenty year maximum period for which he might have originally been sentenced on the grand larceny charge. *See* Code § 18.2-95. He was also subject to having his two year suspended sentence on the arson charge revoked for cause at any time prior to 1991, the ten year maximum period for which he might have originally been sentenced on the arson charge. *See* Code § 18.2-80.

When Carbaugh was arrested in 1992 for driving under the influence of alcohol, he was still within the maximum period for which he might have been sentenced on the grand larceny charge. Thus, the trial judge did not exceed his authority when, in 1993, he revoked an additional nine months of the suspended sentence. Accordingly, we affirm the judgment.

*Affirmed.*

Baker, J., and Bray, J., concurred.