COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


MELVIN BRIGGS, JR.
                                                OPINION BY
v.          Record No. 1443-94-2        JUDGE LARRY G. ELDER
                                           DECEMBER 12, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Jose R. Davila, Jr., Judge


            David R. Lett for appellant.

            Richard B. Smith, Assistant Attorney General,
            (Office of the Attorney General, on brief),
            for appellee.



     Melvin Briggs, Jr. (appellant) appeals the trial court's

July 11, 1994 decision to revoke his suspended sentence, which

arose from a November 11, 1981 conviction for heroin possession.

Appellant asserts (1) the trial court lacked jurisdiction to

revoke his suspended sentence, and (2) the trial court failed to

credit him with good behavior time earned during the original

suspension period.  Because the trial court committed no error,

we affirm the judgment.

                               I.

                             FACTS

     Appellant pleaded guilty to possession of heroin on November

24, 1981.  On January 13, 1982, the trial court suspended

imposition of a sentence, for an unspecified amount of time,

conditioned on appellant's good behavior and his completion of a

drug/alcohol treatment program.

On November 10, 1983, the trial court, after hearing evidence that appellant's urine tested positive for drugs and that appellant was "dealing with drugs," revoked appellant's January 13, 1982 suspended imposition of sentence. The trial court sentenced appellant to ten years in the state penitentiary, with five years suspended based on good behavior. On two prior occasions when appellant failed to complete rehabilitation programs, the trial court did not revoke its suspension of imposition of sentence.

On July 11, 1994, the trial court conducted a revocation hearing on the original heroin conviction, during which hearing the court received evidence of a May 26, 1993 conviction for petit larceny and evidence that appellant had stopped reporting to his probation officer in October 1993. For these reasons, the trial court revoked the remaining five year suspended sentence on the original heroin conviction and sentenced appellant to five years in a state correctional facility.

On July 26, 1994, appellant moved the trial court to vacate its July 11, 1994 sentencing order. At the hearing on the motion, appellant's counsel conceded that there had been probation violations, including the May 26, 1993 petit larceny conviction "within the ten year period of time" of the November 10, 1983 order. However, appellant contended that because the trial court provided no specific period of suspension in either the January 13, 1982 or November 10, 1983 orders, the statutory

2

period of suspension under Code § 19.2-306 ran from the date of the first order.  If that contention is correct, the trial court would have been without jurisdiction on July 11, 1994.

The trial court denied the motion, and appellant now appeals to this Court.

II.

JURISDICTION

A plain reading of Code § 19.2-306 reveals the trial court had jurisdiction on July 11, 1994, to revoke appellant's five year suspended sentence, which was imposed on November 10, 1983.

Code § 19.2-306 states:

> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, <u>within the maximum period for which the defendant might originally have been sentenced to be imprisoned</u>, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court . . . within one year after the maximum period for which the defendant might originally have been sentenced to be imprisoned, <u>whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed.</u>

(Emphasis added).

On January 13, 1982, the original sentencing court suspended imposition of appellant's sentence for an unspecified time period.  Because appellant could have received a maximum sentence of ten years in prison for his conviction, Code § 19.2-306 granted the trial court authority to revoke appellant's suspended

3

imposition of sentence and impose a sentence at any time up until January 13, 1993.[1]  See Grant v. Commonwealth, 223 Va. 680, 686, 292 S.E.2d 348, 351 (1982)(applying Code § 19.2-306); Carbaugh v. Commonwealth, 19 Va. App. 119, 123-24, 449 S.E.2d 264, 266 (1994)(applying Code § 19.2-306).

A careful tracking of the chronology of this case reveals that the trial court acted within the time period mandated by Code § 19.2-306.[2]  First, on November 10, 1983 (twenty-one months after the original sentencing order), the trial court revoked appellant's suspended imposition of sentence.  This suspension occurred "within the maximum time period for which the defendant might originally have been sentenced to be imprisoned," which was ten years.  The trial court revoked appellant's suspended imposition of sentence, ordered him to serve ten years in prison, but suspended five years for an unspecified time period.  The remaining suspension period therefore ended, by operation of Code § 19.2-306, on November 10, 1993.  On July 11, 1994, the trial court heard evidence that appellant committed a petit larceny on May 26, 1993, along with parole violations starting in October 1993; both of these offenses occurred before November 10, 1993.

---

[1]  The original ten year "maximum" period ended on January 13, 1992.  However, up until one year after the expiration of the maximum period, trial courts may revoke a sentence based on actions that occurred within the period.  Code § 19.2-306.  Thus, in this case, the ten year period expired on January 13, 1992, but to this ten year period was added one additional year.

[2]  Appellant's counsel admitted this numerous times at the trial court's July 27, 1994 rehearing on the suspension matter.

4

The obvious purpose of Code § 19.2-306 is remedial; it provides closure and a time limitation when the trial court fails to include such a limitation in its order of suspension. Nothing in Code § 19.2-306 indicates that the legislature intended to limit the trial court's authority under Code § 19.2-303.1 to fix a period of suspension for a "reasonable time . . . without regard to the maximum period for which the defendant might have been sentenced."

When the trial court revoked its suspension of imposition of sentence on November 10, 1983, it was well within the statutory time limitation of Code § 19.2-306. At that time, the trial court could have suspended the five-year suspended sentence for a period of ten years (or more), being limited only by what would be "reasonable." Code § 19.2-303.1. Because the trial court was again silent as to the period of suspension, the limitations of Code § 19.2-306 applied from that point.

If we accepted appellant's argument that because on November 10, 1983 the trial court failed to set a specific time for the suspension, the statutory time began to run from the date imposition of sentence was withheld--January 13, 1982--appellant would receive a benefit because of the trial court's indulgence and attempts to help appellant overcome his drug dependency. Clearly, this was not the legislature's intent and the plain language of the statute does not require such a result.

III.

GOOD BEHAVIOR TIME

Assuming without deciding that appellant preserved this issue for appeal, see Rule 5A:18, we hold that the trial court was under no obligation to credit appellant with good behavior time.

> [T]he probation [and suspension] statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals. In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations.

Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)(citations omitted); see Carbaugh v. Commonwealth, 19 Va. App. 119, 124, 449 S.E.2d 264, 267 (1994)(discussing the legislative intent to grant judges broad powers to revoke suspended sentences).

As discussed in Section II, supra, the trial court had the power, pursuant to Code § 19.2-306, to revoke the original suspended sentence at any time until January 13, 1992. The trial court revoked the suspended sentence on November 10, 1983 and imposed the sentence that originally could have been imposed on January 13, 1982. All of the trial court's actions followed the statutory directives of Code § 19.2-306, and no case law or statutory authority restricts the trial court's actions in this case. Therefore, we cannot say that the trial court abused its discretion in failing to credit appellant with "good behavior"

6

time supposedly "earned" between the original sentencing order date and the first revocation of suspended sentence date.

Accordingly, we affirm the judgment.

Affirmed.

Benton, J., dissenting.


On January 13, 1982, the trial judge entered a final order containing the following language pertinent to this appeal:

> The defendant having been on November 24, 1981, found guilty of Possession of heroin, a Schedule I controlled substance, . . . the Court doth now suspend the imposition of sentence in this case during the defendant's good behavior conditioned that he be placed on supervised probation; that he enter and complete the Willow Oaks Drug/Alcohol Treatment Program; and that he pay his costs of Court.

That final conviction order did not specify either the period of suspension or the period of probation.

In a criminal case, the entry of the final conviction order is the event from which various statutory time provisions are measured. See Rule 1:1; Coffey v. Commonwealth, 209 Va. 760, 763, 167 S.E.2d 343, 345 (1969); Russnak v. Commonwealth, 10 Va. 317, 324, 392 S.E.2d 491, 494-95 (1990). The legislature has specified that "if neither a probation period nor a period of suspension has been prescribed" in the sentencing order, the trial judge may revoke the suspension only for cause that occurred "within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306. See also Carbaugh v. Commonwealth, 19 Va. App. 119, 123-24, 449 S.E.2d 264, 266 (1994). The statute's "purpose to limit the period within which the suspension order can be revoked is manifest." Richardson v. Commonwealth, 131 Va. 802, 811, 109

8

S.E. 460, 463 (1921). Furthermore, the period must be measured from the date of entry of the order. See Coffey, 209 Va. at 763, 167 S.E.2d at 345.

The cause in this case for which the trial judge revoked the suspension occurred on May 26, 1993, more than ten years (the maximum period for which Briggs could have been sentenced for heroin possession) beyond the January 13, 1982 sentencing date. Thus, the trial judge acted beyond the period authorized by the statute.

Code § 19.2-303.1 has no bearing on the issue raised by this appeal. The trial judge never fixed a period of suspension. Thus, a necessary condition for invoking Code § 19.2-303.1 never existed. Moreover, I perceive no logical or statutory basis in Code § 19.2-303.1 upon which to construct, as does the majority, a scheme that would allow the trial judge to add ten year periods of suspension ad infinitum each time a revocation occurred. That power would exceed the legislature's clear mandate that if neither a period of probation nor a period of suspension has been fixed, the cause that gives rise to the trial judge's power to revoke the suspension must occur "within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306.

The Supreme Court of Virginia has stated that the trial judge's authority to revoke suspensions is limited and not absolute. "In this State the matter is regulated by statute."

9

Richardson, 131 Va. at 809, 109 S.E. at 462.  Moreover, the Supreme Court long ago acknowledged that the clear legislative "intention was to prescribe and limit the power of the court." Id. at 812, 109 S.E. at 463.  The holding in this case extends the trial judge's authority far beyond the legislatively proscribed limits.

For these reasons, I would reverse the order as being beyond the trial judge's lawful authority to revoke the January 13, 1982 suspension.