COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


BARBARA FAYE CARTER ADKINS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0860-97-3      JUDGE RUDOLPH BUMGARDNER, III
                                             JUNE 2, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                     James F. Ingram, Judge

          Elwood Earl Sanders, Jr., Director
          Capital/Appellate Services (Public Defender
          Commission, on briefs), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     In March 1997 in two separate cases, Barbara Faye Carter

Adkins was found to have violated the terms of her probation.

The trial court revoked the suspended sentences and sentenced her

to serve the sentences in the penitentiary.  She argues that the

court lacked jurisdiction to act and violated due process by

entering an order nunc pro tunc.  For the following reasons, we

affirm the judgment of the trial court.

     Adkins was convicted of grand larceny on May 6, 1993 and

received a five-year sentence.  It was suspended "for time served

on this conviction upon the condition that she be of good

behavior for a period of four (4) years following her release

from probation."  Adkins was immediately released from

---
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

incarceration and placed on probation for one year.  On November 24, 1993, Adkins was convicted of another grand larceny charge and sentenced to "be of good behavior for a period of four (4) years following her release from [one year of] probation . . . ."  This order was amended nunc pro tunc February 28, 1997 to state that "imposition of sentence is hereby withheld at this time on the condition that the defendant be of good behavior for a period of four (4) years following her release from probation."

On the same day the trial court amended the sentencing order, it issued a capias ordering Adkins to show cause why her suspended sentences should not be revoked for having been subsequently convicted of a felony.  The trial court found Adkins had violated the terms of her suspension because she was twice convicted of making a false statement to purchase a firearm as well as being convicted of grand larceny, forgery and uttering.  It sentenced her to serve five years on the first grand larceny conviction and four years on the second.  The sentences were to run consecutively for a total active sentence of nine years.

The defendant objects that the trial court lacked authority to revoke her suspended sentences.  She concedes that she did not preserve this claim for appeal.  An objection must be timely made and the grounds stated with specificity at the time of the ruling.  Rule 5A:18.  She further acknowledges that the action of the trial court was valid under Carbaugh v. Commonwealth, 19 Va. App. 119, 449 S.E.2d 264 (1994).  The defendant argues, however,

-2-

that we should renounce Carbaugh and rule that the trial court lacked the power to revoke her suspended sentence in the first situation and to impose a sentence in the second. The defendant has failed to show that there is a flagrant error or mistake in Carbaugh and, thus, the principles of stare decisis control. See Commonwealth v. Burns, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990). The defendant's challenge to Carbaugh is without merit.

The defendant argues that the trial court erred in the second case by entering an order nunc pro tunc and violated her rights of due process when it did so. She did not raise nor argue this objection in the trial court and in failing to do so, she has not preserved it for appeal. An objection must be timely made and the grounds stated with specificity at the time of the ruling. Rule 5A:18.

For these reasons, we affirm the judgment.

Affirmed.