COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


NANCY ANDERSON JOHNSON

MEMORANDUM OPINION* BY
v.    Record No. 0072-00-4      JUDGE JERE M. H. WILLIS, JR.
                                    JANUARY 9, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Herman A. Whisenant, Jr., Judge

Daniel J. Morissette (DePolo & Morissette,
P.C., on brief), for appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On appeal from the revocation of her previously suspended

sentences, Nancy Anderson Johnson contends that because the term

of her probation had expired when she committed the predicate

violations, the trial court lacked jurisdiction to revoke her

suspended sentences.  We affirm the judgment of the trial court.

I.  BACKGROUND

On May 2, 1991, Johnson pleaded guilty to eight counts of

forgery, violations of Code § 18.2-172.  On September 9, 1991,

she was sentenced on each of seven counts as follows:

[T]he Court sentences the defendant to
confinement in the penitentiary of the

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> Commonwealth for a term of three (3) years,
> of which sentence the Court suspends the
> execution of two (2) years thereof upon
> condition the defendant keeps the peace and
> is of uniform good behavior. . . .
>
> The Court . . . ORDERS that the defendant
> shall be placed on probation under the
> supervision of a Probation Officer of this
> Court for a period of three (3) years, such
> probation to begin after the defendant's
> release from any incarceration pursuant to
> this or any other Order.

The sentencing court imposed the same punishment on the eighth count, but suspended the entire three-year sentence.

On June 29, 1993, Johnson was paroled to Maryland on a detainer for incarceration in that state.

On December 23, 1994, Johnson was released on parole from her incarceration in Maryland. She returned to Virginia, where she resided in Richmond on supervised probation, until her probation was transferred to Kentucky.

On November 26, 1997, Johnson was convicted in Kentucky for theft.

On December 9, 1999, the trial court conducted a revocation hearing on the original forgery convictions. Johnson moved to dismiss. She contended that the court lacked jurisdiction because her three-year probation began when she was paroled to Maryland on June 29, 1993, and ended on June 29, 1996, before she committed the Kentucky crime. The trial court disagreed and entered a revocation order as follows:

-

<u>Revocation of Suspended Sentence</u>
<u>- Incarceration</u>.  The Court hereby Orders
the following:

> CR28803 - one (1) year imposed of the
> previously suspended sentence of two
> (2) years,
>
> CR28804 - one (1) year imposed of the
> previously suspended sentence of two
> (2) years,
>
> CR28805 - one (1) year imposed of the
> previously suspended sentence of two
> (2) years,
>
> CR28806 - one (1) year imposed of the
> previously suspended sentence of two
> (2) years,
>
> CR28807 - one (1) year imposed of the
> previously suspended sentence of two
> (2) years, for a total sentence of five
> (5) years.

The sentences shall run consecutively and
consecutively to all other sentences.

In CR28808, 28809, and 28810, the Court
takes no action on the probation violation.

Johnson contends that the trial court lacked jurisdiction to
revoke the suspended sentences.

## II.  <u>JURISDICTION</u>

Code § 19.2-306 provides:

> The court may, for any cause deemed by
> it sufficient which occurred at any time
> <u>within the probation period, or if none,</u>
> <u>within the period of suspension fixed by the</u>
> <u>court, or if neither, within the maximum</u>
> <u>period for which the defendant might</u>
> <u>originally have been sentenced to be</u>
> <u>imprisoned</u>, revoke the suspension of
> sentence and any probation, if the defendant
> be on probation, and cause the defendant to
> be arrested and brought before the court

-

> . . . within one year after the maximum
> period for which the defendant might
> originally have been sentenced to be
> imprisoned, <u>whereupon, in case the
> imposition of sentence has been suspended,
> the court may pronounce whatever sentence
> might have been originally imposed</u>.

(Emphasis added).

On September 9, 1991, the original sentencing court suspended execution of Johnson's sentence for an unspecified time period.  Because Johnson could have received a maximum sentence of ten years in prison for her forgery convictions,[1] Code § 19.2-306 granted the trial court authority to revoke Johnson's suspended imposition of sentence and impose a sentence at any time up until September 9, 2001.  <u>See</u> <u>Carbaugh v. Commonwealth</u>, 19 Va. App. 119, 123-24, 449 S.E.2d 264, 266 (1994) (applying Code § 19.2-306).  Therefore, the trial court did not err in revoking Johnson's suspended sentences.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>

---

[1] Forgery is a Class 5 felony.  <u>See</u> Code § 18.2-172.  The maximum sentence available for a Class 5 felony is ten years. <u>See</u> Code § 18.2-10(e).

-