COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Agee
Argued by teleconference


DERRICK EUGENE BALDWIN

MEMORANDUM OPINION[*] BY
v.    Record No. 2722-00-3         JUDGE RUDOLPH BUMGARDNER, III
                                         MAY 7, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Robert P. Doherty, Jr., Judge

Randy V. Cargill (Magee, Foster, Goldstein &
Sayers, P.C., on brief), for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Mark L. Earley, Attorney
General, on brief), for appellee.


The trial court revoked Derrick Eugene Baldwin's suspended

sentence and sentenced him to seven years in prison.  It

re-suspended four years on the condition that he complete two

years probation upon his release and pay court costs.  The

defendant contends the trial court lacked jurisdiction to revoke

his suspended sentence.  For the following reasons, we affirm.

On July 9, 1996, the defendant was convicted of possession

of cocaine with intent to distribute and sentenced to seven

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

years in prison.[1]  The trial court suspended the entire sentence but prescribed no period of suspension.  It suspended three years on the condition that the defendant complete the Detention Center Incarceration Program and that he complete two years of probation upon release from incarceration.  The defendant entered and completed the detention program December 20, 1996.  His period of probation ran through December 20, 1998.

In the spring of 1998, the defendant's probation officer requested a show cause order because of subsequent convictions and other probation violations.  The trial court issued a capias for the defendant's arrest on April 24, 1998.  It was not served on the defendant until August 11, 2000.  On November 9, 2000, the trial court found the defendant violated the conditions of the suspended sentence and of probation, and it revoked his suspension.

---

[1] The 1996 sentencing order is not a part of the record. The appendix reflects the trial judge reading from the order as follows:

> In this case it says, "Sentenced to pay $100 fine, which fine is suspended, committed to the Department of Corrections for a period of seven years, to be suspended after he has served three years, plus costs, and that three years is further suspended upon the Defendant's transfer to the Detention Center, and placed on probation conditioned that he enter into and successfully complete the Detention Center Incarceration Program, successful completion of the program, successfully complete probation, be of good behavior," and so on.

Code § 19.2-306 provides:

> The court may, for any cause deemed by it
> sufficient which occurred at any time <u>within
> the probation period, or if none, within the
> period of suspension fixed by the court, or
> if neither, within the maximum period for
> which the defendant might originally have
> been sentenced to be imprisoned</u>, revoke the
> suspension of sentence and any probation, if
> the defendant be on probation, and cause the
> defendant to be arrested and brought before
> the court . . . within one year after the
> maximum period for which the defendant might
> originally have been sentenced to be
> imprisoned, <u>whereupon, in case the
> imposition of sentence has been suspended,
> the court may pronounce whatever sentence
> might have been originally imposed</u>.

(Emphasis added.)

The original sentence suspended execution of the defendant's sentence for an unspecified period.  Under Code § 19.2-306, the trial court could revoke that suspended sentence during a period of the maximum prescribed sentence plus one year.  <u>Carbaugh v. Commonwealth</u>, 19 Va. App. 119, 123-24, 449 S.E.2d 264, 266 (1994).  The maximum sentence for the original offense was forty years.  Code § 18.2-248(C).  The trial court's action occurred well within the prescribed period of forty-one years.  Therefore, the trial court had jurisdiction to act as it did, and we affirm.

Accordingly, the defendant's argument is without merit, and the trial court's judgment is affirmed.

<u>Affirmed.</u>