COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Clements
Argued at Salem, Virginia


RUDOLPH LEE CRAWLEY

                                         MEMORANDUM OPINION[*] BY
v.       Record No. 2374-05-3           JUDGE JEAN HARRISON CLEMENTS
                                               MAY 22, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

John Gregory, Jr., for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal from the October 12, 2005 order of the trial court finding he violated the

conditions of his probation and revoking his suspended sentences, Rudolph Lee Crawley

(appellant) contends the trial court lacked authority to make such a finding and revoke his

suspended sentences because he was not on probation at the time of the charged probation

violation.  For the reasons that follow, we affirm the judgment of the trial court.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

By order entered April 29, 1996, the trial court sentenced appellant to five years in prison on his conviction for statutory burglary and three years in prison on his conviction for possession of cocaine. The trial court suspended six years and three months of the sentences on the condition that appellant successfully complete one year of supervised probation and "be of good behavior for a period of five . . . years following his release from probation." The order did not state when the one-year period of supervised probation was to begin.

On April 3, 2002, the trial court issued a capias for appellant's arrest for failing to comply with the terms of his suspended sentences. The capias was executed on May 5, 2002, and the court conducted a revocation hearing on July 3, 2002. By order entered July 30, 2002, the court revoked appellant's suspended sentences and resuspended the entirety of those sentences on the condition that appellant serve nine months in jail, with credit for time served while awaiting the revocation hearing, and successfully complete one year of supervised probation upon his release from jail. Although the court's order stated that the court considered "the evidence of the Probation Officer and the additional evidence adduced in open court" regarding "the violations of probation alleged to have been committed by" appellant, it did not contain an explicit finding by the court that appellant had violated the terms of his suspended sentences.

By order entered October 23, 2003, the court again revoked appellant's suspended sentences and resuspended those sentences on the condition that appellant serve twelve months in jail, successfully complete two years of supervised probation, and be of good behavior for eight years.

By order entered June 7, 2005, the court found appellant had violated the conditions of his probation and revoked the suspension of his previously suspended sentences. The court then resuspended the entirety of those sentences on the condition that appellant successfully complete

- 2 -

six months of supervised probation beginning May 26, 2005, and be of good behavior for two years beginning May 26, 2005.

In June 2005, appellant failed to report in person to his probation officer as required and a capias for his arrest was issued. The trial court conducted a revocation hearing on September 15, 2005. By order dated October 12, 2005, the court found appellant had violated the conditions of his probation and revoked the suspension of his previously suspended sentences. The court then reimposed the four years and six months appellant had remaining on his sentences and resuspended two years of those sentences on the condition that appellant be of good behavior for five years beginning September 15, 2005.

This appeal followed.

## II. ANALYSIS

Appealing from the October 12, 2005 revocation order, appellant contends the trial court lacked authority to revoke his suspended sentences in October 2005 because "he was not on probation at the time of the probation violation in 2005." He maintains he was not on probation in 2005 because he had completed the one-year probationary period imposed by the trial court in its April 29, 1996 order before he violated the terms of his suspended sentences in 2002. Thus, he argues, the court lacked jurisdiction to enter the July 30, 2002 order revoking his suspended sentences and imposing an additional period of probation. As a result, appellant's argument continues, that order and all of the subsequent revocations orders, including the June 7, 2005 order imposing the period of probation at issue here, were invalid and of no force and effect. Alternatively, he argues he was not on probation in 2005 because the order entered by the court on July 30, 2002, was "not sufficiently clear enough to extend probation past 2002." We will address each of these arguments separately.

- 3 -

A.  Jurisdiction to Enter the July 30, 2002 Order

"[U]nder Virginia law once a defendant receives a suspended sentence, a judge's power to revoke the suspension of sentence and probation is governed by statute." Carbaugh v. Commonwealth, 19 Va. App. 119, 123, 449 S.E.2d 264, 266 (1994).  "The language of Code § 19.2-306 specifies the periods in which the events amounting to cause for revocation must occur in order for a judge to revoke a suspended sentence." Id.  That statute authorizes the trial court "to revoke the suspended sentence 'for any cause the court deems sufficient' that occurs within the probation period, *within the period of suspension*, or, if neither is fixed, within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 20 (2004) (emphasis added) (quoting Code § 19.2-306).  Thus, in determining whether a defendant's violation of a condition of the suspension of sentence occurred within the applicable statutory time limitations of Code § 19.2-306, the courts must look not just at the prescribed probation period, as appellant suggests, but at the entire period of suspension.  See Carbaugh, 19 Va. App. at 126, 449 S.E.2d at 268 (noting that, once a defendant's "period of suspension expires," the trial court loses jurisdiction to revoke his sentence).  "[T]he power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982).

Here, the original sentencing order entered on April 29, 1996, expressly suspended six years and three months of appellant's sentences on the condition that appellant successfully complete one year of supervised probation and "be of good behavior for a period of five . . . years *following his release from probation*."  (Emphasis added.)  Because the probation and good behavior periods ran successively, the overall period of suspension of appellant's sentences was six years in length.  Although the order did not state when the probationary period was to begin,

- 4 -

for purposes of this appeal, we assume that the period of supervised probation began, as appellant's asserts, on the date of the sentencing order. Thus, the events amounting to cause for revocation had to occur by April 29, 2002, for the trial court to have jurisdiction to revoke appellant's suspended sentences.

The record establishes that appellant failed to comply with the terms of his suspended sentences on or before April 3, 2002. Because that violation occurred within the period of suspension fixed by the court, the trial court had jurisdiction to enter the July 30, 2002 order revoking appellant's suspended sentences and resuspending those sentences for a fixed period on certain conditions. Accordingly, appellant's contention that the trial court lacked authority to revoke his suspended sentences in October 2005 because the court exceeded its statutory authority when it revoked appellant's sentences in 2002 is without merit.

### B. Contents of the July 30, 2002 Order

As previously mentioned, appellant also contends, in the alternative, that he was not on probation in 2005 because the July 30, 2002 revocation order did not "extend probation past 2002." He argues that order failed to validly extend probation because it did not contain a specific finding that he had violated the terms of his suspended sentences and because it "terminated probation and extended probation at the same time." Because we hold the July 30, 2002 order is not subject to collateral attack on these grounds, we will not consider the merits of this contention.

While an order that is void *ab initio* may be "challenged at any time," an order that is merely voidable "is not subject to collateral attack and is subject to the limitations of Rule 1:1." Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001). Thus, orders that are merely voidable may only "be set aside by motion filed in compliance with Rule 1:1 or provisions relating to the review of final orders." Id. at 52, 541 S.E.2d at 551. "The distinction between an

action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error." Id. at 51, 541 S.E.2d at 551.

Here, as we previously determined, the trial court had statutory authority to enter the July 30, 2002 order. The instant contention, challenging the contents of the order, raises a question of trial court error, not jurisdiction. Indeed, the order's lack of a specific finding that appellant had violated the terms of his suspended sentences and its arguable lack of clarity did not divest the court of jurisdiction in this case. At most, such errors or irregularities rendered the order merely voidable rather than void *ab initio*. See Robertson v. Commonwealth, 181 Va. 520, 536, 25 S.E.2d 352, 359 (1943) ("'[A] judgment rendered by a court of competent jurisdiction is not void [*ab initio*] merely because there are irregularities or errors of law in connection therewith.'" (quoting 31 Am. Jur. Judgments § 401)). Appellant could have challenged the court's entry of the order upon a timely motion to the trial court or a timely direct appeal to this Court, see Singh, 261 Va. at 52, 541 S.E.2d at 551, but he did not. Thus, the July 30, 2002 order remained in full force and effect and may not now be collaterally attacked on such grounds. See Simmers v. Commonwealth, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990) (holding that no collateral attack was allowed where the trial court had jurisdiction and the defendant failed to challenge the court's judgment within twenty-one days or timely petition for an appeal).

Accordingly, we will not entertain appellant's alternative arguments.

### III. CONCLUSION

For these reasons, we affirm the judgment of the trial court.

Affirmed.