UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, O'Brien and Russell
Argued at Alexandria, Virginia


DOROTHY ELIZABETH CILWA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0481-15-4                      JUDGE MARY GRACE O'BRIEN
                                                    NOVEMBER 29, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Shalev Ben-Avraham, Assistant Public Defender, for appellant.

Christopher Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Dorothy Cilwa ("appellant") contends that the trial court erred by finding her in violation of

probation.  Appellant asserts the following assignments of error:

> 1.  The trial court erred by finding Ms. Cilwa in violation of
>     probation as the trial court had no jurisdiction to hear the case.
>
> 2.  The trial court erred by finding Ms. Cilwa was properly noticed
>     and served in compliance [with] the Virginia Code, and the Due
>     Process Clauses of the United States and Virginia Constitutions
>     for the alleged probation violation of new criminal charges. [1]

Because we find that the court did not have jurisdiction to find appellant in violation of probation,

we reverse the judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We do not address appellant's second assignment of error because we dispose of the
case based on the trial court's lack of jurisdiction.

## PROCEDURAL HISTORY

Appellant pled guilty to two counts of grand larceny, in violation of Code § 18.2-95, and the court entered an order sentencing her on January 28, 2010. The court imposed two years of incarceration for each conviction, with the sentences to run concurrently. One year and one month of each sentence was suspended for a period of three years, and appellant was ordered to complete two years of supervised probation upon her release from incarceration.

At a hearing on January 27, 2012, the court found appellant in violation of her probation and imposed ninety days of incarceration on each suspended sentence, with the time to run concurrently. In an order dated February 13, 2012 the court extended appellant's probation for two years "from today's date." The order did not specifically impose and re-suspend the remaining ten-month sentence for each charge and did not extend the three-year time period for which the sentences were suspended.

On June 9, 2014 the court issued a bench warrant for appellant alleging that she had again violated her probation conditions. Appellant was served with this bench warrant on February 5, 2015. On February 20, 2015 the court heard appellant's motion to dismiss the bench warrants based on lack of jurisdiction and failure to properly serve her with notice of the violations. The court denied the motion and found that appellant violated her probation. It sentenced her to the time she had served awaiting the hearing and terminated her probation. This appeal followed.

## ANALYSIS

Appellant contends that the court did not have jurisdiction on February 20, 2015 to impose the previously suspended sentences because her sentence expired on January 28, 2013. Because this is a question of statutory construction, we review the court's conclusion using a *de novo* standard of review. Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 91 (2007).

Code § 19.2-303 grants a court the authority to "suspend imposition of sentence or suspend the sentence in whole or part and . . . place the defendant on probation . . . as a condition of a suspended sentence."  Further, when the court suspends the imposition of the sentence, or suspends a portion of the sentence, it has the authority to set a time period for which the sentence is not imposed.  Code § 19.2-303.1.  In setting that period of time, the court is not constrained by the maximum sentence that the defendant could receive on the original conviction.  Id.  Additionally, a court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).

Here, on January 28, 2010 the court initially suspended a portion of appellant's two-year sentences for a period of three years and placed her on probation for two years upon her release from incarceration.  On February 13, 2012, the court imposed ninety days of the previously suspended sentences and extended appellant's probation for two years.  The court did not specifically re-suspend the remaining sentences and also did not extend the three-year period of suspension.  Accordingly, appellant contends that when she appeared before the court in February 2015, she was not subject to the court's jurisdiction because her sentence expired on January 28, 2013, three years from the date of the court's original sentencing order.

Appellant concedes that the previously un-served portion of the sentences, totaling ten months concurrently, was implicitly imposed and re-suspended by the February 13, 2012 order.  See Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002) (holding that "[t]he absence of an explicit recitation re-suspending the balance of the original sentence did not implicitly discharge the remaining sentence; it implicitly re-suspended the balance that the defendant had not served" because "[p]robation was meaningless if no sentence remained for the court to impose if the

defendant violated the terms imposed"). See also Jacobs v. Commonwealth, 61 Va. App. 529, 538, 738 S.E.2d 519, 523-24 (2013).

The Commonwealth argues that the circuit court also implicitly extended the time period for which appellant's sentence was suspended when it extended her probationary period on February 13, 2012. However, "probation and suspension of sentence are separate and distinct concepts." Carbaugh v. Commonwealth, 19 Va. App. 119, 126, 449 S.E.2d 264, 268 (1994). We have held that "if the sentencing judge suspends a portion of a sentence and prescribes a period of suspension, once that period of suspension expires the defendant is no longer subject to having the suspension revoked." Id. When the court extended appellant's probation, it did not explicitly or implicitly extend the three-year period for which the sentence was suspended. Any period of probation that was no longer concurrent with the three-year time period that began on January 28, 2010 was ineffective. Accordingly, because the trial court suspended appellant's sentence for a three-year period, which expired on January 28, 2013, the trial court lacked jurisdiction when it found appellant in violation of probation in February 2015.

CONCLUSION

For these reasons, we reverse the judgment of the trial court.

Reversed and dismissed.