COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


ARNOLD AINLEY WRIGHT, III
                                              OPINION BY
v.    Record No. 2306-98-2          JUDGE MARVIN F. COLE
                                            APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  Herbert C. Gill, Jr., Judge

          Fredrick S. Kaufman (Nachman & Kaufman,
          L.L.P., on brief), for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Arnold Ainley Wright, III (appellant), appeals from a July

31, 1998 order of the Chesterfield County Circuit Court (trial

court) revoking his suspended sentence and sentencing him to five

years in prison with two years re-suspended for five years.  He

contends the trial court lacked jurisdiction to revoke the

suspended sentence.  He further asserts that the trial court

improperly sentenced him to five years in prison when he had

already served twelve months of his original five-year sentence.

Finding no error, we affirm the judgment of the trial court.

                         Background

     On February 12, 1993, pursuant to a plea agreement, the trial

court sentenced appellant to five years in prison and suspended

the entire sentence for a period of five years.  On November 7, 1994, after appellant violated the terms of his suspended sentence, the trial court revoked the entire sentence.  The court then re-suspended the sentence "on the same terms and conditions as previously set out in the Court's order entered February 12, 1993."  On March 3, 1995, after appellant again violated the terms of his suspended sentence, the trial court revoked all five years but re-suspended the sentence "on the condition that the defendant serve twelve months in the jail of this county and under the conditions as previously set out in the Court's order of February 12, 1993."

Probation Officer Patricia Walters submitted a capias/show cause request to the trial court on April 7, 1998, indicating that appellant had been convicted of statutory burglary and felony petit larceny on March 25, 1998, in Henrico County Circuit Court. At his subsequent revocation hearing, appellant indicated that the crime for which he had been convicted in Henrico County occurred in August 1997.[1]

Following a June 25, 1998 revocation hearing, the trial court revoked appellant's five-year suspended sentence and re-suspended two years of that sentence for five years, imposing three years to be served in prison.

---

[1] In his brief, appellant represents that the crime occurred on November 17, 1997.

Jurisdiction

Appellant contends the trial court lacked jurisdiction to revoke his suspended sentence based on the March 25, 1998 conviction because his suspension period expired five years from the date of the court's February 12, 1993 order or on February 12, 1998.  See Carbaugh v. Commonwealth, 19 Va. App. 119, 126, 449 S.E.2d 264, 268 (1994) (noting that once a defendant's period of suspension expires, the trial court loses jurisdiction to revoke his sentence).  Appellant reasons the suspension period imposed by the trial court in the February 12, 1993 order became final twenty-one days after entry of that order, see Rule 1:1,[2] and that the court lacked authority to subsequently extend the suspension period.  In the alternative, appellant asserts the trial court's November and March orders, by referring back to the conditions imposed by the February order, reiterated the original five-year suspension period and did not set new suspension periods.

The Commonwealth responds that each of the trial court's revocation orders set new five-year suspension periods, which ran from the dates of entry of the revocation orders.  The Commonwealth contends the trial court had authority to extend

_____

[2] Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

-

the suspension period when it sentenced appellant following appellant's violations of the conditions of his previously suspended sentence.  We agree with the Commonwealth.

"After conviction, whether with or without jury, the court may suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine . . . ."  Code § 19.2-303.  "In any case where a court suspends execution of a sentence, it may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced."  Code § 19.2-303.1.

> The court may, for any cause deemed by it sufficient which occurred at any time within . . . the period of suspension fixed by the court, . . . revoke the suspension of sentence . . . and cause the defendant to be arrested and brought before the court at any time . . . within one year after the period of suspension fixed by the court . . . .

Code § 19.2-306.  A court retains the authority to revoke a suspended sentence despite the proscriptions of Rule 1:1.  See Robertson v. Sup. of the Wise Corr. Unit, 248 Va. 232, 237, 445 S.E.2d 116, 118 (1994).

"These statutes obviously confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'"  Deal v. Commonwealth, 15 Va. App. 157,

-

161, 421 S.E.2d 897, 899 (1992) (citation omitted). "In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982).

We have previously recognized a trial court's authority to extend a defendant's suspension period after entering a sentencing order. See Briggs v. Commonwealth, 21 Va. App. 338, 464 S.E.2d 512 (1995). In Briggs, the trial court entered a January 13, 1982 conviction order that suspended imposition of the defendant's sentence for an unspecified period of time. Because the crime for which the defendant had been convicted carried a maximum sentence of ten years, the suspension period would have expired on January 13, 1992. See id. at 341-42, 464 S.E.2d at 513-14.

On November 10, 1983, the trial court in Briggs revoked the suspended imposition of the sentence and sentenced the defendant to ten years in prison with five years suspended for an unspecified period of time. In July 1994, the trial court conducted another revocation proceeding, but the defendant argued the court lacked jurisdiction, contending that "because the trial court provided no specific period of suspension in either the January 13, 1982 or November 10, 1983 orders, the statutory period of suspension under Code § 19.2-306 ran from the date of the first order." Id. at 341, 464 S.E.2d at 513.

-

In rejecting this argument, we held that the effect of the court's November 10, 1993 order was to establish a ten-year suspension period running from the date of the November order. We explained:

> The obvious purpose of Code § 19.2-306 is remedial; it provides closure and a time limitation when the trial court fails to include such a limitation in its order of suspension. Nothing in Code § 19.2-306 indicates that the legislature intended to limit the trial court's authority under Code § 19.2-303.1 to fix a period of suspension for a "reasonable time . . . without regard to the maximum period for which the defendant might have been sentenced."
>
> When the trial court revoked its suspension of imposition of sentence on November 10, 1983, it was well within the statutory time limitation of Code § 19.2-306. At that time, the trial court could have suspended the five-year suspended sentence for a period of ten years (or more), being limited only by what would be "reasonable." Code § 19.2-303.1. Because the trial court was again silent as to the period of suspension, the limitations of Code § 19.2-306 applied from that point.
>
> If we accepted appellant's argument that because on November 10, 1983 the trial court failed to set a specific time for the suspension, the statutory time began to run from the date imposition of sentence was withheld—January 13, 1982—appellant would receive a benefit because of the trial court's indulgence and attempts to help appellant overcome his drug dependency. Clearly, this was not the legislature's intent and the plain language of the statute does not require such a result.

Id. at 343-44, 464 S.E.2d at 514.

-

Contrary to appellant's argument, we interpret the trial court's November 16, 1994 and March 3, 1995 orders as expressing an intention to re-suspend appellant's sentence for a period of five years. The effect of these revocation orders, therefore, was to set new five-year suspension periods ending on November 16, 1999, and on March 3, 2000, respectively.

Furthermore, we hold that Briggs is controlling authority in this case and Code § 19.2-303.1, which expressly provides that a trial court may suspend a sentence for a reasonable time "[i]n any case," pertains not only to a defendant's initial sentencing but also to sentencing in revocation proceedings. This result is permitted by the plain language of the statute and is consistent with legislative intent to provide courts with remedial tools for rehabilitating offenders. We also reject the contention that extending a defendant's suspension period, in the context of a revocation proceeding, contravenes Rule 1:1. Accordingly, the trial court had jurisdiction to revoke appellant's suspended sentence based on appellant's March 25, 1998 conviction in Henrico County.[3]

---

[3] We note that the behavior that resulted in the March 1998 conviction occurred in 1997, within the original five-year suspension period.

<u>Credit for Time Served</u>

After the trial court pronounced its sentence at the June 25, 1998 revocation hearing, the following exchange occurred between the court and counsel for appellant:

> [COUNSEL FOR APPELLANT]:  Judge, if I might inquire, The Court recently gave him 12 months.
>
> THE COURT:  Whatever time he served, he'll get credit for.

The court's July 31, 1998 sentencing order made no mention of a credit for time served.

Appellant initially contended the trial court's sentence was illegal because he had only four years left to serve on his original sentence after he served twelve months in jail.  At oral argument, however, counsel for appellant represented to this Court that appellant had been given credit for the time served, and he requested that issue be abandoned.  Accordingly, we will not address this issue further.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>