COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


THURSTON TRENT KEENE

MEMORANDUM OPINION[*] BY
v.      Record No. 0043-03-1          JUDGE WALTER S. FELTON, JR.
                                      DECEMBER 23, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
S. Bernard Goodwyn, Judge

William E. Buyrn (Buyrn & Crook, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Thurston Trent Keene appeals the decision of the trial court revoking two years and nine

months of a previously suspended sentence. He contends that the trial court lacked jurisdiction

to revoke his suspended sentence because the court revoked the suspension after the statutory

time limit set by Code § 19.2-306 expired. Finding no error, we affirm the judgment of the trial

court.

I. BACKGROUND

On January 12, 1996, Keene was convicted, on his plea of guilty, of issuing two or more bad

checks in violation of Code § 18.2-181.1.[1] The court sentenced Keene to three years imprisonment

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-181.1 provides that

It shall be a Class 6 felony for any person, within a period of
ninety days, to issue two or more checks . . . in violation of
§ 18.2-181, which have an aggregate represented value of $200 or
more and which (i) are drawn upon the same account of any bank,

but suspended his sentence on condition that he serve thirty days in jail and be on supervised probation for an indeterminate period. On February 2, 1998, the court found that Keene violated the conditions of his probation and revoked the previously suspended sentence. The court then sentenced Keene to prison for two years and eleven months as a result of the probation violations, but then re-suspended two years and nine months of that sentence, conditioned on Keene's good behavior and his being on supervised probation for an indeterminate period following his release from incarceration.

On October 30, 2002, the trial court was notified that Keene had violated his probation numerous times since his last revocation hearing. Based on these new allegations, the court held a second revocation hearing. At the hearing, Keene did not dispute that he had failed to maintain contact with his probation officer or that he failed to report his convictions for several other crimes during his probation period. Instead, Keene argued that the court lacked jurisdiction to resentence him and to extend his period of probation for a period longer than the maximum length of time he could have been sentenced at the original sentencing hearing.

The trial court rejected Keene's argument, concluding that it retained jurisdiction to revoke the suspended sentence for a period of five years from the last revocation order dated February 2, 1998. On December 11, 2002, the court found that Keene violated the conditions of his probation, and sentenced him to serve two years and nine months in prison. It then re-suspended two years of his sentence conditioned on his being placed on supervised probation upon his release from confinement.

---

banking institution, trust company or other depository and (ii) are
made payable to the same person, firm or corporation.

## II. JURISDICTION

On appeal, Keene contends that the trial court lacked jurisdiction to revoke his suspended sentence on December 11, 2002, because the revocation occurred "beyond the maximum length of time he could be held on probation"[2] pursuant to Code § 19.2-306. Keene argues that because he was convicted of a Class 6 felony, he was subject to a maximum sentence of five years incarceration at the time the original sentence was imposed. See Grant v. Commonwealth, 223 Va. 680, 686, 292 S.E.2d 348, 351 (1982) (holding that under Code § 19.2-306, a suspended sentence may be revoked at any time until the end of the maximum period for which the defendant could have been sentenced initially, unless the court imposes a different period). Because the court originally sentenced him on January 12, 1996, Keene contends the maximum length of his sentence would have expired on January 11, 2001, a period of five years after his initial sentence. Keene argues that, even factoring in the extra year to bring him before the court under Code § 19.2-306, the court's jurisdiction over his sentence expired January 11, 2002. We disagree.

After a person is convicted, the sentencing judge is given by statute discretion to suspend the sentence in whole or in part and, in addition, may place that person on probation under such conditions as the judge considers appropriate. Code § 19.2-303. Another statute provides that the sentencing court "may fix the period of suspension for a reasonable time, having due regard

---

[2] We note that appellant, in his brief, refers to the court as revoking his "probation" rather than revoking his suspended sentence. While "probation" is often used interchangeably with "suspended sentence," the terms refer to different sentencing matters. See Grant v. Commonwealth, 223 Va. 680, 292 S.E.2d 348 (1982); Carbaugh v. Commonwealth, 19 Va. App. 119, 449 S.E.2d 264 (1994). Probation may not exceed the period for which the sentence is suspended, but it may be imposed for a shorter period. Code § 19.2-304 permits the court to increase or decrease the period of probation or modify any condition of probation. A court may suspend the imposition or execution of a sentence with or without probation, and impose probation with or without supervision.

to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced."  Code § 19.2-303.1.

Among other things, Code § 19.2-306 provides the periods during which events that amount to cause for revocation must occur in order for a judge to revoke a suspended sentence. In pertinent part, Code § 19.2-306 provides that "[t]he court may [revoke the suspension of sentence], for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned."

Here, the original sentencing court did not impose a specific period of suspension. Because Keene was convicted of a Class 6 felony, Code § 18.2-10(f) fixes the maximum confinement as a term of five years.  Keene argues that the five-year period of suspension ended January 11, 2001, a period of five years from the date of the original sentencing order.  We disagree.

A plain reading of Code § 19.2-306 demonstrates that the trial court had jurisdiction on December 11, 2002 to revoke Keene's suspended sentence, a sentence which the court imposed on February 2, 1998, following its revocation of the suspended sentence imposed on January 12, 1996.  The effect of that new sentence was to extend the five-year period of suspension for an additional five-year period.  At that time, the trial court could have suspended the five-year suspended sentence for any additional period, being limited only by what would be "reasonable." Code § 19.2-303.1.  Because the trial court was again silent as to the period of suspension, the limitations of Code § 19.2-306 applied, imposing a period of suspension to be the maximum for which Keene could have been sentenced for a Class 6 felony, or five years.

- 4 -

Code § 19.2-303.1, which expressly provides that a trial court may suspend a sentence for a reasonable time, applies not only to a defendant's initial sentencing but also to a sentence imposed in a subsequent revocation proceeding. Wright v. Commonwealth, 32 Va. App. 148, 153, 526, S.E.2d 784, 787 (2000); see Briggs v. Commonwealth, 21 Va. App. 338, 343, 464 S.E.2d 512, 514 (1995); Carbaugh v. Commonwealth, 19 Va. App. 119, 122, 449 S.E.2d 264, 266 (1994).

In Wright, the appellant asserted that the trial court lacked jurisdiction to revoke his suspended sentence because the period of his suspension expired five years from the date of the court's original sentencing order suspending his sentence. Wright, 32 Va. App at 150, 526 S.E.2d at 785. Wright reasoned that the original sentencing order, setting the first period of suspension, was final and could not be extended. Id. Affirming the trial court's judgment, this Court held that "Code § 19.2-303.1, which expressly provides that a trial court may suspend a sentence for a reasonable time 'in any case,' pertains not only to a defendant's initial sentencing but also to sentencing in revocation proceedings." Id. at 153, 526 S.E.2d at 787. Thus, the trial court had "authority to extend the suspension period when it sentenced appellant following appellant's violations of the conditions of his previously suspended sentence," so that "[e]ach of the trial court's revocation orders starts . . . new suspension periods, running from the dates of entry of the revocation orders." Id. at 150-51, 526 S.E.2d at 785-86.

Here, the trial court originally sentenced Keene to a term of three years imprisonment in January 1996. The court suspended the entire sentence, conditioned on Keene serving thirty days incarceration. Because the court did not specify a specific period of suspension, Code § 19.2-306 provides that the period of suspension is the "maximum period for which the defendant might originally have been sentenced to be imprisoned." In this case, the maximum period of imprisonment for a Class 6 felony is five years. Code § 18.2-10(f).

When the court initially revoked the suspended sentence, it sentenced Keene to a term of imprisonment, which it then re-suspended. The period of suspension was thereby fixed at five years from the date of that sentence. See Wright, 32 Va. App. at 150-51, 526 S.E.2d at 785-86. The court revoked Keene's suspended sentence on February 2, 1998. When the court then sentenced Keene to a new term of imprisonment, and then re-suspended a portion of that sentence, a new five-year period of suspension began which, absent any additional revocations and new sentences, would end February 1, 2003. The final revocation order occurred on December 11, 2002, prior to February 1, 2003, and within five years of the sentence imposed by the trial court on February 2, 1998. Accordingly, the trial court had jurisdiction to revoke Keene's suspended sentence, and we affirm.

Affirmed.