COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Kelsey and Petty
Argued at Richmond, Virginia

UNPUBLISHED

DAYMAN AARON CARTER

v.      Record No. 0941-13-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE WALTER S. FELTON, JR.
MAY 6, 2014

FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

Kirk T. Milam (The Law Office of Kirk T. Milam, P.L.C., on brief),
for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Dayman Aaron Carter ("appellant") appeals the judgment of the Circuit Court of Orange

County ("trial court") that he violated the terms and conditions of his supervised probation.

Appellant asserts that his five-year probation term, imposed as a condition of his suspended

sentence, expired prior to the date he was convicted of the offense that gave rise to the probation

violation. He further contends the trial court abused its discretion by first revoking and then

re-imposing his two-year-and-six-month suspended sentence. In the alternative, he asserts that

the trial court erred by failing to resuspend all or part of the re-imposed sentence.

I. BACKGROUND

On December 10, 2003, the trial court sentenced appellant to a five-year term of

imprisonment for assaulting a police officer, in violation of Code § 18.2-57(C). The trial court

imposed an active sentence of one year and nine months' incarceration of appellant's five-year

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentence. The trial court suspended the remainder of appellant's sentence on the condition that he be of good behavior for a period of ten years following his release from confinement after serving the active sentence. The trial court placed appellant on supervised probation for a period of five years, also to commence upon his release from confinement after serving the one year and nine months' active sentence.

On March 16, 2007, appellant was released from confinement. On that date, he commenced serving his five-year term of probation and ten-year term of good behavior, terms imposed by the trial court as conditions of the court's suspending appellant's remaining sentence of three years and three months' imprisonment.[1]

On October 6, 2008, the trial court found that appellant had violated the terms and conditions of his probation and suspended sentence by possessing cocaine.[2] The trial court revoked the remaining three years and three months of appellant's suspended sentence from his 2003 conviction. It then resuspended two years and six months of that sentence, and ordered appellant to serve an active sentence of nine months' imprisonment of the previously suspended sentence. The trial court imposed "the same conditions as stated in the previous sentencing order" as a condition for resuspending the unserved portion of appellant's 2003 sentence. On April 20, 2009, appellant was released from confinement imposed as a result of his 2008 probation violation.

---

[1] "[T]he condition of good behavior is implicit in every order suspending sentence, is a condition of every such suspension, whether probation is provided for or not, and applies 'whether expressly so stated or not.'" Collins v. Commonwealth, 269 Va. 141, 146, 607 S.E.2d 719, 721 (2005) (quoting Coffey v. Commonwealth, 209 Va. 760, 762-63, 167 S.E.2d 343, 344-45 (1969)).

[2] It is unclear from the record on appeal whether appellant was convicted of possession of cocaine.

On October 6, 2012, appellant was arrested for distribution of cocaine, second or subsequent offense, in violation of Code § 18.2-248.[3] On November 15, 2012, appellant was convicted of that offense and sentenced to thirty years' incarceration, with twenty-five years suspended.

On April 27, 2013, appellant was brought before the trial court for a revocation hearing based upon his 2012 felony drug conviction. The trial court found that appellant "clearly has violated the terms and conditions of the [c]ourt's prior order, be it supervised probation and/or the period of good behavior. At the very least he's violated the good behavior requirement with his new serious felony conviction." In its final written order, the trial court "[found] the defendant has violated the conditions of his probation and is guilty as charged." The trial court then imposed appellant's previously suspended sentence of two years and six months' incarceration remaining from his 2003 conviction, ordered that appellant's sentence run consecutively with any other sentences, and terminated appellant's supervised probation.

## II. ANALYSIS

On appeal from a revocation of a suspended sentence, the judgment of the trial court will not be reversed absent a clear showing of abuse of discretion. Dunham v. Commonwealth, 59 Va. App. 634, 638, 721 S.E.2d 824, 826, aff'd, 284 Va. 511, 733 S.E.2d 660 (2012).

### A.

Appellant argues that his supervised probation period, imposed in 2003 as a condition of his suspended sentence, expired on March 16, 2012, five years after his March 16, 2007 release date from imprisonment for assaulting a law enforcement officer. He contends that he was no longer on probation as of November 15, 2012, the date of his conviction of distribution of cocaine. Accordingly, appellant asserts the trial court erred by ruling that he violated the terms

---

[3] The arrest warrant charged that the date of offense was May 17, 2012.

and conditions of his supervised probation when he was convicted of the new drug offense on November 15, 2012.

Code § 19.2-306(A) provides, in pertinent part, "[i]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."

Code § 19.2-303.1 provides that a trial court may suspend a sentence "for a reasonable time." That provision applies not only to any condition imposed as a condition of the sentence imposed at an accused's initial sentencing, but also to any suspension of a sentence imposed in a subsequent revocation proceeding. Wright v. Commonwealth, 32 Va. App. 148, 153, 526 S.E.2d 784, 787 (2000). A trial court has "authority to extend the suspension period when it sentence[s] appellant following appellant's violations of the conditions of his previously suspended sentence," so that "each of the trial court's revocation orders sets new . . . suspension periods, which [run] from the dates of entry of the revocation orders." Id. at 150-51, 526 S.E.2d at 785-86.

The Commonwealth argues that appellant's period of supervised probation had not expired as of November 15, 2012, the date of his conviction of distribution of cocaine. The Commonwealth asserts that the trial court imposed a new five-year term of supervised probation when it found him guilty of his first probation violation on October 6, 2008. On that date, the trial court revoked appellant's previously suspended sentence, imposed an active sentence of nine months, and then resuspended two years and six months of appellant's sentence on "the same conditions as stated in the previous sentencing order." The Commonwealth asserts that a plain reading of the trial court's October 6, 2008 order demonstrates that the court intended a new five-year term of probation to commence on the date appellant was released from

confinement after serving a portion of his suspended sentence as a result of the first probation violation.[4]

Appellant, for his part, argues that the trial court did not intend to impose a new five-year period of supervised probation to commence upon his release from incarceration for his first probation violation. Rather, appellant asserts that the trial court's October 6, 2008 order merely reiterated that he would remain subject to supervised probation until March 16, 2012, five years from his March 16, 2007 release from incarceration on his original conviction.

Trial courts "have the authority to interpret their own orders," and appellate courts "'give deference to the interpretation adopted by the lower court.'" Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000) (quoting Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (*en banc*)). Here, the trial court's October 6, 2008 order, entered after appellant's first probation violation, conditioned appellant's resuspended sentence of two years and six months' imprisonment on "the same conditions as stated in the previous sentencing order." After the entry of the October 6, 2008 order, the trial court, the probation officer,[5] and appellant himself[6] operated in a manner consistent with recognizing that the trial court had in fact ordered that appellant serve a new five-year term of supervised probation as a condition of the resuspension of a portion of his

---

[4] Appellant was released from confinement on April 20, 2009.

[5] On March 12, 2013, the probation officer issued a major violation report as a result of appellant's new felony conviction. In that report, and in the probation officer's letter subsequently issued to the trial court, the officer noted that appellant's period of supervised probation ran from April 20, 2009, the date of his release from incarceration on his first probation violation, to at least April 20, 2014.

[6] Appellant persisted in reporting to his probation officer as of May 2012, in contraindication of his assertion that his term of supervised probation expired on March 16, 2012, five years after his release from confinement for his conviction of assaulting a law enforcement officer.

initial sentence, to commence upon appellant's release from incarceration for the October 6, 2008 probation violation. Appellant was released from incarceration on April 20, 2009, commencing a five-year probation period that would expire on April 20, 2014. At appellant's April 27, 2013 revocation hearing, following his new felony conviction in November 2012, the trial court imposed appellant's previously suspended sentence of two years and six months' incarceration, ordered that appellant's sentence run consecutively with any other sentences, and terminated appellant's supervised probation. By terminating appellant's supervised probation on April 27, 2013, the trial court clearly indicated that it found appellant continued to be subject to serving the five-year term of probation that commenced on April 20, 2009, following appellant's release from incarceration for his first probation violation in October 2008.

Appellant was well within the five-year probation period that commenced on April 20, 2009, the date of his release from confinement after serving a portion of his previously suspended sentence imposed for his first probation violation, when he was convicted of distribution of cocaine on November 15, 2012. Accordingly, we conclude that the trial court did not abuse its discretion by finding that appellant had violated the conditions of his supervised probation, imposed as a condition of suspending a portion of his sentence to confinement, when he was convicted of distribution of cocaine on November 15, 2012.

B.

Appellant further asserts the trial court erred by revoking and re-imposing his remaining two-year-and-six-month suspended sentence from his 2003 conviction, or in the alternative, by failing to resuspend all or part of the re-imposed sentence. He contends that he performed successfully on probation for a period of three years, that he maintained employment during that time, and that he did not test positive for any illegal substances.

- 6 -

"A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.'" Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991). Code § 19.2-306 is "highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). "The revocation of the suspended sentence 'must be based on reasonable cause,' and must be based upon cause that occurred within the suspension or probation period." Bailey v. Commonwealth, 19 Va. App. 355, 357, 451 S.E.2d 686, 687 (1994) (quoting Patterson v. Commonwealth, 12 Va. App. 1046, 1048, 407 S.E.2d 43, 44 (1991)).

At the conclusion of the April 27, 2013 revocation hearing, appellant exercised his right of allocution. Following appellant's allocution, the trial court told appellant, "let me tell you what we're going to do and why." The trial court stated:

> There's no further point in supervised probation in your case. So the remaining question is do we invoke the entire two years and six months [remaining from the 2003 conviction], or do we invoke only a part of it, or if we do invoke it all, do we run any of it concurrent with any other sentences? That's really the issue before the [c]ourt. And the [c]ourt will be direct with you, Mr. Carter, we never hesitate to invoke only a portion of sentences. We often run all or some portions of sentences concurrent with other sentences, but in your case, [number one], your original conviction was assaulting a police officer. That's a serious crime of violence that the [c]ourt has to give consideration to. This probation violation, or this violation of the [c]ourt's prior order, involves the charge of distribution of cocaine. Both of those offenses, for different reasons, the assaulting the officer and the cocaine charge, that involves danger to others in the community. And in this instance it represents the second time you've violated the [c]ourt's prior order. So, we don't find that in your circumstances there would be any real mitigation. You need to be out of the community for an extended period of time so that you don't do those kinds of things which have an impact on other citizens. And we don't find the two years six month sentence excessive, but, in fact, we find it fair and appropriate for the fact of a second probation violation in a serious case. So we'll simply invoke the two years and six months in its

entirety[, and] direct that you serve it.  Supervised probation will
be terminated.

From the record on appeal, this Court cannot say that the trial court abused its discretion or lacked reasonable cause to revoke and impose the entirety of appellant's previously suspended sentence.

## III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment that appellant violated the terms and conditions of his supervised probation, a condition of his suspended sentence, when he was convicted of distribution of cocaine on November 15, 2012.  Likewise, we affirm the trial court's order revoking and imposing the entirety of appellant's previously suspended sentence.

<u>Affirmed.</u>