COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Humphreys and Russell
Argued at Leesburg, Virginia

**PUBLISHED**

CHANCELIER FAZILI

                                                           OPINION BY
v.       Record No. 1379-18-4            JUDGE ROBERT J. HUMPHREYS
                                                         DECEMBER 3, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David Bernhard, Judge

Dawn M. Butorac, Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


On March 19, 2018, appellant Chancelier Fazili ("Fazili") was indicted in the Circuit

Court of Fairfax County ("circuit court") on one count of aggravated sexual battery of A.G.K., a

child under the age of thirteen, in violation of Code § 18.2-67.3.  The indictment alleged that the

incident occurred on or about March 28, 2017.

On April 4, 2018 Fazili entered a guilty plea pursuant to a written plea agreement.  By

order entered on August 9, 2018, the circuit court sentenced Fazili to twenty years'

imprisonment, with fifteen years suspended for a period of ten years.  As a condition of

probation, the court ordered that Fazili "have no use of any device that can access internet unless

approved by his Probation Officer."  Fazili assigns the following errors on appeal:

> I. The trial court abused its discretion by not considering
>    relevant factors and giving them significant weight and
>    instead gave significant weight to irrelevant and improper
>    factors when fashioning the sentence for Mr. Fazili.

II. The trial court erred by ordering that Mr. Fazili "not use any device that can access the internet unless approved by his Probation Officer."

  A. This probation condition was an error because it violates Mr. Fazili's First Amendment rights under the United States Constitution.

  B. This probation condition was an error because it violates Virginia Code § 19.2-303 by improperly delegating the parameters of this special condition to the probation officer.

  C. This probation condition was an error because it is an unreasonable condition of probation.

## I. BACKGROUND

Fazili initially stood charged with object sexual penetration of a child under the age of thirteen, in violation of Code § 18.2-67.2. However, pursuant to a written plea agreement, Fazili pleaded guilty to one count of aggravated sexual battery of a child under the age of thirteen, in violation of Code § 18.2-67.3. The Commonwealth proffered that the evidence would show Fazili's sister asked Fazili to babysit her two children. On March 28, 2017, she came home to find Fazili in bed with her five-year-old daughter, A.G.K., and two-year-old son. A.G.K. was crying and told her mother "Uncle touched me." She also told a forensic interviewer that Fazili "put 'an onion' in her," "that this had happened more than once in her bedroom," and that "her pants got wet from 'the onion soup.'" Fazili later admitted that "his fingers went between the lips of her vagina but were not fully into the hole." He also told a detective that he was masturbating while touching A.G.K. "[S]wabs taken from A.G.K.'s thighs and external genitalia" contained sperm that matched Fazili's DNA.

Prior to the sentencing hearing, the probation office inadvertently sent the circuit court a sentencing guideline with "an upper end of 5.5 years." However, the probation office resubmitted the appropriate sentencing guidelines, which recommended one day to three months'

- 2 -

imprisonment. At the sentencing hearing, the circuit court heard mitigating evidence relating to his troubled childhood in the war-torn Democratic Republic of Congo. The circuit court also received the presentence report, which contained a statement Fazili made to his probation officer that characterized the events as "a misunderstood from the victim [sic]."

The Commonwealth argued for an upward deviation from the sentencing guidelines, but also stated that "the Commonwealth has amended the charge to reflect obviously what we can prove and take that into consideration with the practical and strategic aspects of having to try this case with such a young victim." After considering the mitigating and aggravating evidence, the circuit court concluded that the sentencing guidelines were "wholly inappropriate because the conduct is not really what is envisioned by those guidelines."

Accordingly, the circuit court sentenced Fazili to twenty years' imprisonment, with fifteen years suspended for a period of ten years. Pursuant to Code § 19.2-298.01(B), the circuit court explained its reasoning for the upward departure in the sentencing order:

> Evidence consistent with child being raped and subject to animate object penetration of her vagina by defendant's fingers. She was molested while her infant brother was also in bed next to defendant.[1] Sperm was found on the outside of the child's body. The battery was thus of a more extensive nature in the scale of such crimes.

As a condition of Fazili's probation, the circuit court ordered that he "have no use of any device that can access internet unless approved by his Probation Officer." At the sentencing hearing, Fazili's counsel objected to this condition as a violation of Fazili's First Amendment rights. The circuit court explained that "if he is undergoing some legitimate use of the internet the probation office may permit that. But he is not to have unfettered use of the internet." Fazili

---

[1] We note that the Commonwealth's proffer maintained that Fazili's nephew laid in between the wall and A.G.K., not directly next to Fazili.

further objected to the circuit court delegating the discretion of that condition to the probation officer. On August 9, 2018, the circuit court entered a formal sentence. This appeal follows.

## II. ANALYSIS

### A. Sentencing Guidelines

"We review the [circuit] court's sentence for abuse of discretion." Scott v. Commonwealth, 58 Va. App. 35, 46 (2011) (citing Valentine v. Commonwealth, 18 Va. App. 334, 339 (1994)). "Given this deferential standard of review, we will not interfere with the sentence so long as it 'was within the range set by the legislature' for the particular crime of which the defendant was convicted." Id. (quoting Jett v. Commonwealth, 34 Va. App. 252, 256 (2001)); see also Valentine, 18 Va. App. at 339 (holding that if the sentence does not exceed the maximum set by the legislature, "the sentence will not be overturned as being an abuse of discretion" (quoting Abdo v. Commonwealth, 218 Va. 473, 479 (1977))).

Our sentencing guidelines "are discretionary, rather than mandatory." West v. Dir., Dep't of Corr., 273 Va. 56, 65 (2007). Accordingly, a circuit court's failure to follow the guidelines is "not . . . reviewable on appeal." Code § 19.2-298.01(F). The General Assembly only requires the circuit court "to consider the sentencing guidelines before sentencing [the appellant] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." West, 273 Va. at 65 (citing Code § 19.2-298.01(B)).

Aggravated sexual battery is a felony punishable by imprisonment for one to twenty years. Code § 18.2-67.3(B). Here, Fazili was sentenced to twenty years in prison with fifteen years suspended for a period of ten years. Clearly, Fazili's sentence falls within the statutory range set by the legislature and although the circuit court ultimately rejected both Fazili's evidence and arguments offered in mitigation and departed from the recommended sentencing

guideline range, the record indicates that the circuit court gave consideration if not weight to both.  Therefore, no abuse of discretion occurred with respect to the sentence imposed.

B.  The Conditions of Probation and Fazili's First Amendment Rights

As a prelude to considering Fazili's assignment of error regarding the infringement of his First Amendment rights by the circuit court's condition of his probation that he abstain from accessing the internet unless he secures the approval of his probation officer, we first consider the nature of probation.

It is axiomatic that the alternative to probation is incarceration for the entirety of a sentence in a facility where access to the internet is at least as restricted as the condition of probation imposed in this case.  See Griffin v. Wisconsin, 483 U.S. 868, 874 (1987) ("Probation is simply one point . . . on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service."); Hartless v. Commonwealth, 29 Va. App. 172, 175 (1999) (recognizing that the alternative to probation is the imposition of the court's sentence).  Nor does a convicted defendant have a right to be placed on probation under his own terms and conditions.  See Code § 19.2-303; Burns v. United States, 287 U.S. 216, 221 (1932) (explaining that it is within the court's broad discretion whether to grant probation).  In considering whether probation is appropriate in a given case, the task of the sentencing judge is to balance the appropriate punishment for the crime committed with the available rehabilitative alternatives to incarceration and the protection of the lives and property of the community if the defendant is not isolated from it.  See Griffin, 483 U.S. at 875; see also Wilborn v. Saunders, 170 Va. 153, 160 (1938).  Ideally, the result is an opportunity for a defendant to modify his or her future behavior and address any issues that contributed to their criminal actions while simultaneously providing a mechanism for closely monitoring their compliance and restricting any opportunity to re-offend.  See Griffin, 483 U.S. at 875

("[Probation] restrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large."); see also Wilborn, 170 Va. at 160 ("The Commonwealth is interested not only in the preservation of peace and good order, but in reformation of the criminal, so that he may be restored to a useful place in society and be self-sustaining thereafter."). If a defendant demonstrates that he or she is unable or unwilling to adhere to terms and conditions a court finds appropriate to strike the balance described above, the alternative is always the execution of the sentence imposed. Code § 19.2-306(A).

Nevertheless, terms and conditions of probation are not entirely devoid of constitutional restrictions. See Griffin, 483 U.S. at 875 (noting that the government may impinge on the constitutional rights of probationers, but that its ability to do so "is not unlimited"). The First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, generally prohibits state action from infringing upon an individual's freedom of speech. Staub v. City of Baxley, 355 U.S. 313, 321 (1958).[2] While state action typically takes the form of a statute or regulation, a circuit court order may also constitute state action. Hawkins v. Grese, 68 Va. App. 462, 470 (2018). "To safeguard free speech, the Supreme Court requires that a regulatory measure be content neutral. The doctrine of content neutrality provides that governmental regulations may not 'restrict expression because of its message, its ideas, its subject matter, or its content.'" Adams Outdoor Advert. v. City of Newport News, 236 Va. 370, 381 (1988) (quoting Police Dep't of City of Chicago v. Mosley, 408 U.S. 92, 95 (1972)). Here, the probation condition is a content neutral regulation of Fazili's

---

[2] Although Fazili has assigned error to the probation condition as a violation of his First Amendment rights under the federal constitution, "Article I, § 12 of the Constitution of Virginia is coextensive with the free speech provisions of the federal First Amendment." Elliott v. Commonwealth, 267 Va. 464, 473-74 (2004).

free speech rights because by restricting his access to the internet it broadly restricts his speech without reference to its message.

When a state's regulation of speech is content neutral, the regulation is subject to review under intermediate scrutiny. Packingham v. North Carolina, 137 S. Ct. 1730, 1736 (2017). "In order to survive intermediate scrutiny, [the state action] must be 'narrowly tailored to serve a significant governmental interest.'" Id. (quoting McCullen v. Coakley, 573 U.S. 464, 486 (2014)). "In other words, the law must not 'burden substantially more speech than is necessary to further the government's legitimate interests.'" Id. (quoting McCullen, 573 U.S. at 486).

While our sister appellate courts are split on the issue, we agree with a number of jurisdictions that have held that the Supreme Court's recent decision in Packingham does not apply to prohibit a circuit court from imposing, as a condition of probation, a reasonable ban on internet access provided such ban is narrowly tailored to effectuate either a rehabilitative or public-safety purpose.[3] In Packingham, the Supreme Court struck down a North Carolina law that made it a felony for registered sex offenders to access certain social networking websites. Id. at 1733, 1738. However, unlike the post-custodial restriction broadly imposed in Packingham, "probation is a form of criminal sanction, like incarceration, imposed by a trial court after a verdict, finding, or plea of guilty." Murry v. Commonwealth, 288 Va. 117, 122 (2014) (citing Griffin, 483 U.S. at 874). "[P]robation represents 'an act of grace'" extended to a

---

[3] E.g. United States v. Peterson, 776 Fed. App'x 533, 534 n.2 (9th Cir. 2019); United States v. Perrin, 926 F.3d 1044, 1049 (8th Cir. 2019); United States v. Carson, 924 F.3d 467, 473 (8th Cir.), cert. denied, ___ S. Ct. ___ (2019); United States v. Washington, 763 Fed. App'x 870, 872 (11th Cir. 2019); United States v. Antczak, 753 Fed. App'x 705, 715 (11th Cir. 2018); United States v. Halverson, 897 F.3d 645, 658 (5th Cir. 2018); United States v. Rock, 863 F.3d 827, 832 (D.C. Cir. 2017); United States v. Whitten, No. 7:14CR00049, at *5 n.2 (W.D. Va. Apr. 24, 2018); United States v. Farrell, No. 4:06-CR-103, at *2 (E.D. Tex. Feb. 23, 2018); United States v. Pedelahore, No. 1:15cr24-LG-RHW, at *2 (S.D. Miss. Oct. 19, 2017); Alford v. State, 279 So.3d 752, 756 (Fla. Dist. Ct. App. 2019); People v. Morger, 103 N.E.3d 602, 616 (Ill. App. Ct. 2018); Archer v. State, No. 13-18-00059-CR, at *3 (Tex. App. May 23, 2019).

defendant who has been convicted and sentenced to confinement. Price v. Commonwealth, 51 Va. App. 443, 448 (2008) (quoting Pierce v. Commonwealth, 48 Va. App. 660, 667 (2006)). "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled,'" United States v. Knights, 534 U.S. 112, 119 (2001) (quoting Griffin, 483 U.S. at 874), "but only . . . conditional liberty properly dependent on observance of [probation conditions]," Morrissey v. Brewer, 408 U.S. 471, 480 (1972).

As the Supreme Court recognized in Packingham, "[s]pecific criminal acts are not protected speech even if speech is the means for their commission." Packingham, 137 S. Ct. at 1737 (citing Brandenburg v. Ohio, 395 U.S. 444, 447-49 (1969) (*per curiam*)). So long as a probation condition is narrowly tailored to effectuate either rehabilitative or public-safety purposes, "it can be assumed that the First Amendment permits a State to enact specific, narrowly tailored laws [or in this case, a condition of probation] that prohibit a sex offender from engaging in conduct that often presages a sexual crime, like contacting a minor or using a website to gather information about a minor." Id.; see also Ashcroft v. Free Speech Coalition, 535 U.S. 234, 244 (2002) ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people.").

Here, the circuit court imposed, as a condition of probation, that Fazili "have no use of any device that can access the internet unless approved by his Probation Officer." After Fazili objected to this condition, the circuit court clarified that "if he is undergoing some legitimate use of the internet the probation office may permit that" and that he "can work out with probation what type of access he can have." However, there is no evidence on the record before us that computers or the internet played any role in Fazili's offense and the circuit court articulated no justification for how imposing this restriction on Fazili's fundamental right to free speech would serve any rehabilitative or public safety purpose. Without such justification, this restriction

burdens substantially more speech than is necessary to further the government's legitimate interests and is therefore not narrowly tailored. We do not foreclose the possibility that such a broad restriction on access to the internet could be justified in a particular case. We hold only that there is nothing in the record before us showing why the broad restriction was warranted in this case. Accordingly, we remand for resentencing with the instruction that if the circuit court, in its discretion, elects to suspend any portion of the sentence and places Fazili on probation again with a condition limiting internet access, that it either clarify the specific reasons that would justify a general ban on internet usage or more narrowly tailor any internet-use restrictions to effectuate specific purposes related to probation.

### C. Delegation Under Code § 19.2-303 and Reasonableness

"Probation statutes provide a remedial tool in the rehabilitation of criminals and, to that end, should be liberally construed." Wilson v. Commonwealth, 67 Va. App. 82, 89 (2016) (citing Wright v. Commonwealth, 32 Va. App. 148, 151 (2000)). Code § 19.2-303 provides, "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation *under such conditions as the court shall determine*." (Emphasis added). Pursuant to this section, a circuit court may "impose such reasonable terms and conditions of probation as it deems appropriate." Murry, 288 Va. at 122 (citing Dyke v. Commonwealth, 193 Va. 478, 484 (1952)). "The only statutory limitation on the court's exercise of its discretion is 'one of reasonableness.'" Id. (quoting Anderson v. Commonwealth, 256 Va. 580, 585 (1998)).

Nevertheless, the circuit court's power to impose conditions of probation is not unlimited, and circuit courts may not delegate to probation officers responsibilities that are the sole province of the circuit courts. Wilson, 67 Va. App. at 89 (holding that the circuit court improperly delegated determination of the amount of restitution to be paid to a probation officer

when Code § 19.2-305.2 made clear that the determination was the sole province of the circuit court). Under Code § 19.2-303, unlike the code section at issue in Wilson, it is only the province of the circuit court to determine the conditions of probation. However, unless a statute specifically imposes on the circuit court the duty to set the parameters of the condition at issue, the circuit court may set the bounds of the condition and delegate to the probation office the duty to set the parameters of those conditions. See Miller v. Commonwealth, 25 Va. App. 727, 745 (1997) (explaining probation officers are "statutorily required to supervise, assist, and provide a probationer with a statement of the conditions of his release from confinement," and are "charged by law with defining a probationer's permissible or impermissible conduct"). Essentially, while the circuit court sets the terms and conditions of probation, probation officers enforce those terms and conditions and exercise discretion in doing so. Thus, although the circuit court erred in failing to narrowly tailor this condition of probation by providing both a rationale and guidance or parameters to the probation officer, in the abstract, the circuit court's delegation to the probation officer the authority to supervise Fazili's internet usage was not an improper delegation of authority.

### III. CONCLUSION

In summary, based on the record before us, we hold that the probation condition barring Fazili's access to the internet was not narrowly tailored. We remand for resentencing with the instruction that if the circuit court elects to again place Fazili on probation with a condition limiting internet access, that it either clarify the specific reasons that would justify a general ban on internet usage or that it more narrowly tailor any internet-use restrictions to effectuate specific purposes of probation. We affirm the circuit court's judgment in all other respects.

Affirmed in part, and reversed and remanded in part.