ELDER, Judge.
Melvin Briggs, Jr. (appellant) appeals the trial court’s July 11, 1994 decision to revoke his suspended sentence, which arose from a November 11, 1981 conviction for heroin possession. Appellant asserts (1) the trial court lacked jurisdiction to revoke his suspended sentence, and (2) the trial court failed to credit him with good behavior time earned during the original suspension period. Because the trial court committed no error, we affirm the judgment.
*341 I.
FACTS
Appellant pleaded guilty to possession of heroin on November 24, 1981. On January 13, 1982, the trial court suspended imposition of a sentence, for an unspecified amount of time, conditioned on appellant’s good behavior and his completion of a drug/alcohol treatment program.
On November 10, 1983, the trial court, after hearing evidence that appellant’s urine tested positive for drugs and that appellant was “dealing with drugs,” revoked appellant’s January 13, 1982 suspended imposition of sentence. The trial court sentenced appellant to ten years in the state penitentiary, with five years suspended based on good behavior. On two prior occasions when appellant failed to complete rehabilitation programs, the trial court did not revoke its suspension of imposition of sentence.
On July 11, 1994, the trial court conducted a revocation hearing on the original heroin conviction, during which hearing the court received evidence of a May 26, 1993 conviction for petit larceny and evidence that appellant had stopped reporting to his probation officer in October 1993. For these reasons, the trial court revoked the remaining five year suspended sentence on the original heroin conviction and sentenced appellant to five years in a state correctional facility.
On July 26, 1994, appellant moved the trial court to vacate its July 11, 1994 sentencing order. At the hearing on the motion, appellant’s counsel conceded that there had been probation violations, including the May 26, 1993 petit larceny conviction “within the ten year period of time” of the November 10, 1983 order. However, appellant contended that because the trial court provided no specific period of suspension in either the January 13, 1982 or November 10, 1983 orders, the statutory period of suspension under Code § 19.2-306 ran from the date of the first order. If that contention is correct, the trial court would have been without jurisdiction on July 11, 1994.
*342 The trial court denied the motion, and appellant now appeals to this Court.
II.
JURISDICTION
A plain reading of Code § 19.2-306 reveals the trial court had jurisdiction on July 11, 1994, to revoke appellant’s five year suspended sentence, which was imposed on November 10, 1983. Code § 19.2-306 states:
The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court ... within one year after the maximum period for which the defendant might originally have been sentenced to be imprisoned, whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed.
(Emphasis added).
On January 13, 1982, the original sentencing court suspended imposition of appellant’s sentence for an unspecified time period. Because appellant could have received a maximum sentence of ten years in prison for his conviction, Code § 19.2-306 granted the trial court authority to revoke appellant’s suspended imposition of sentence and impose a sentence at any time up until January 13, 1993.[1] See Grant v. Commonwealth, 223 Va. 680, 686, 292 S.E.2d 348, 351 *343 (1982)(applying Code § 19.2-306); Carbaugh v. Commonwealth, 19 Va.App. 119, 123-24, 449 S.E.2d 264, 266 (1994)(ap-plying Code § 19.2-306).
A careful tracking of the chronology of this case reveals that the trial court acted within the time period mandated by Code § 19.2-306.[2] First, on November 10, 1983 (twenty-one months after the original sentencing order), the trial court revoked appellant’s suspended imposition of sentence. This suspension occurred “within the maximum time period for which the defendant might originally have been sentenced to be imprisoned,” which was ten years. The trial court revoked appellant’s suspended imposition of sentence, ordered him to serve ten years in prison, but suspended five years for an unspecified time period. The remaining suspension period therefore ended, by operation of Code § 19.2-306, on November 10, 1993. On July 11, 1994, the trial court heard evidence that appellant committed a petit larceny on May 26, 1993, along with parole violations starting in October 1993; both of these offenses occurred before November 10, 1993.
The obvious purpose of Code § 19.2-306 is remedial; it provides closure and a time limitation when the trial court fails to include such a limitation in its order of suspension. Nothing in Code § 19.2-306 indicates that the legislature intended to limit the trial court’s authority under Code § 19.2-303.1 to fix a period of suspension for a “reasonable time ... without regard to the maximum period for which the defendant might have been sentenced.”
When the trial court revoked its suspension of imposition of sentence on November 10,1983, it was well within the statutory time limitation of Code § 19.2-306. At that time, the trial court could have suspended the five-year suspended sentence for a period of ten years (or more), being limited only by what would be “reasonable.” Code § 19.2-303.1. Because the trial *344 court was again silent as to the period of suspension, the limitations of Code § 19.2-306 applied from that point.
If we accepted appellant’s argument that because on November 10, 1983 the trial court failed to set a specific time for the suspension, the statutory time began to run from the date imposition of sentence was withheld—January 13, 1982—ap-pellant would receive a benefit because of the trial court’s indulgence and attempts to help appellant overcome his drug dependency. Clearly, this was not the legislature’s intent and the plain language of the statute does not require such a result.
III.
GOOD BEHAVIOR TIME
Assuming without deciding that appellant preserved this issue for appeal, see Rule 5A:18, we hold that the trial court was under no obligation to credit appellant with good behavior time.
[T]he probation [and suspension] statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals. In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations.
Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982) (citations omitted); see Carbaugh v. Commonwealth, 19 Va.App. 119, 124, 449 S.E.2d 264, 267 (1994)(discussing the legislative intent to grant judges broad powers to revoke suspended sentences).
As discussed in Section II, supra, the trial court had the power, pursuant to Code § 19.2-306, to revoke the original suspended sentence at any time until January 13, 1992. The trial court revoked the suspended sentence on November 10, 1983 and imposed the sentence that originally could have been imposed on January 13, 1982. All of the trial court’s actions followed the statutory directives of Code § 19.2-306, and no *345 case law or statutory authority restricts the trial court’s actions in this case. Therefore, we cannot say that the trial court abused its discretion in failing to credit appellant with “good behavior” time supposedly “earned” between the original sentencing order date and the first revocation of suspended sentence date.
Accordingly, we affirm the judgment.

Affirmed.

. The original ten year "maximum" period ended on January 13, 1992. However, up until one year after the expiration of the maximum period, trial courts may revoke a sentence based on actions that occurred within the period. Code § 19.2-306. Thus, in this case, the ten year period expired on January 13, 1992, but to this ten year period was added one additional year.

. Appellant’s counsel admitted this numerous times at the trial court’s July 27, 1994 rehearing on the suspension matter.