COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Clements and Haley

JEFFERY SCOTT JACKSON, S/K/A
 JEFFREY SCOTT JACKSON

v.     Record No. 1163-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 4, 2022

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James Clayton Lewis, Judge

(Diane P. Toscano; Toscano Law Group, P.C., on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.

Jeffery Scott Jackson, sometimes known as Jeffrey Scott Jackson, appeals from the

judgment of the trial court revoking the entirety of his previously suspended sentences. Jackson

contends that the trial court abused its discretion by revoking and imposing the entirety of his

suspended sentences because it was "excessive and patently unfair."

Jackson's counsel moved for leave to withdraw. The motion to withdraw is accompanied

by a brief referring to the part of the record that might arguably support this appeal. A copy of that

brief has been furnished to Jackson with sufficient time for him to raise any matter that he chooses,

along with a motion requesting an extension of time to allow him to file *pro se* supplemental

pleadings. Jackson has indicated that he declines to file any *pro se* supplemental pleadings.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In 1996, as part of an agreed disposition, the trial court convicted Jackson of statutory burglary and unauthorized use of a vehicle and sentenced him to five years and twelve months' imprisonment. The trial court suspended all but fourteen months of these sentences contingent on supervised probation and Jackson's good behavior. The trial court subsequently revoked these suspended sentences, resuspending all but two months. On July 1, 2003, the trial court again revoked Jackson's sentences and resuspended all but one year of the original sentences.[1]

In 2003, the trial court convicted Jackson of indecent liberties and aggravated sexual battery and sentenced him to a total of fifteen years' incarceration. The trial court suspended eleven years of the sentences contingent on supervised probation and good behavior.

In 2012, the trial court found Jackson to be a sexually violent predator. The trial court committed Jackson to the Department of Behavioral Health and Developmental Services (DBHDS), where he received intensive residential sex offender treatment. In January 2020, under a conditional release plan, the trial court released Jackson contingent on his compliance with probation.

---

[1] This suspension was conditioned on supervised probation and "good behavior for 16 years from [Jackson's] release from confinement." In revoking and resuspending Jackson's suspended sentences, the trial court had the authority to extend Jackson's term of suspension. *Wright v. Commonwealth*, 32 Va. App. 148, 151-52 (2000); *Briggs v. Commonwealth*, 21 Va. App. 338, 342-43 (1995).

In July 2020, Jackson's probation officer filed a major violation report stating that Jackson had not complied with his probation officer's instructions by consuming alcohol and visiting a "strip club." On July 2, 2020, Jackson failed to return home by his curfew and incurred a GPS violation. Jackson reported to his probation officer that his scooter had broken down in Portsmouth and he would return home as soon as it was fixed. Jackson's probation officer believed that Jackson may have been intoxicated at the time and noted that Jackson's GPS indicated that he was at a "strip club" in Chesapeake, which was a violation of his probation.

The probation officer contacted the police and visited Jackson's home that evening. Jackson "stumbled out of his home" and told his probation officer that he had purchased a six pack of beer and had consumed it in his kitchen. Jackson submitted to a portable breath test, which indicated a 0.103 blood alcohol concentration. When asked again where he had been, Jackson stated that he had been in Portsmouth. Jackson's probation officer advised him that his GPS indicated that he had been at a "strip club" in Chesapeake "for quite some[ ]time." Jackson replied that "he did not want to debate or make a statement." After removing Jackson's GPS, the police transported Jackson to the Chesapeake City Jail. The trial court entered a capias for Jackson's arrest on July 17, 2020.

At Jackson's revocation hearing, he stipulated to violating the terms and conditions of his suspended sentences. Jackson requested a downward departure from the discretionary sentencing guidelines, between time served and one year.[2] The Commonwealth requested an upward departure from the discretionary sentencing guidelines. On April 21, 2021, the trial court entered the revocation orders, finding that Jackson had violated the terms of his suspended sentences and revoked and imposed them in their entirety.

---

[2] The discretionary sentencing guidelines recommended a sentencing range between two and three years.

On June 4, 2021, Jackson filed a motion to reconsider his sentence. On September 15, 2021, the trial court held a hearing on Jackson's motion. Jackson argued that after his release from DBHDS in January 2020, "he was in full compliance with the conditions of his [conditional release plan] and Sex Offender Special instructions," apart from "a single moment of weakness." Jackson also stated that the COVID-19 pandemic prevented him from attending support group meetings, which were "critical to his successful reentry into society." Jackson admitted to going to a "strip club" and consuming alcohol in violation of the conditions of his suspended sentences but argued that revoking the suspended sentences in their entirety was "very excessive for the violation that he did in this case." The Commonwealth argued that Jackson presented "nothing new" and "all the arguments and all the points made in the motion to reconsider" were addressed at the revocation hearing. After hearing the parties' arguments, the trial court found that there was "no basis to revisit or otherwise modify" the sentence and denied Jackson's motion. Jackson appeals.

ANALYSIS

Jackson argues that the trial court committed reversible error in revoking his suspended sentences in their entirety. Jackson asserts that the trial court's revocation of his suspended sentences was "excessive and patently unfair . . . [and] did not afford consideration to relevant factors that were due significant weight," including Jackson's assumption of responsibility for his conduct.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statute in effect when this revocation proceeding began, once the trial court found that Jackson had violated the terms of the suspension, it was obligated to revoke the suspended sentences and they were in

"full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[3] The trial court was permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Jackson stipulated that he had violated the conditions of his suspended sentences. Thus, the trial court had sufficient cause to revoke the suspended sentences. *See* Code § 19.2-306(A), (C) (Cum. Supp. 2020). In considering whether to resuspend some or all of the revoked sentences, it was within the trial court's purview to weigh any mitigating factors Jackson presented, including any responsibility he assumed when he stipulated to violating the terms of his suspended sentences. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against the mitigating circumstances, however, were Jackson's criminal history and his dishonesty with his probation officer. Considering Jackson's repeated violations and the mere seven-month duration between his release from civil commitment and his violation, the trial court reasonably concluded that Jackson was not amenable to rehabilitation.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

---

[3] Although Code § 19.2-306(C) was amended effective July 1, 2021, Jackson does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 83-84 & n.4 (2022).

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Jackson failed to make productive use of the grace that had been extended to him repeatedly. Having reviewed the record, we hold that the sentences the trial court imposed represent a proper exercise of discretion under the circumstances of this case and the trial court did not abuse its discretion in denying Jackson's motion to modify his sentences. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"); *see also Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny because the sentence was "not excessive on its face").

To the extent that Jackson argues his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect

that Jackson is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*