UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Huff and Lorish
Argued at Norfolk, Virginia


STANLEY EDWARD JOHNSON, SOMETIMES KNOWN AS
  STANLEY EDWARD JOHNSON BEY
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0820-22-1                 JUDGE LISA M. LORISH
                                                  AUGUST 1, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge

Michelle C. F. Derrico, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Stanley Edward Johnson Bey was convicted of a drug offense in 2003 and received a

ten-year suspended sentence with "an indeterminate period" of probation. On May 19, 2022,

following a series of prior probation violations, the trial court found Johnson Bey in violation of his

probation for the fifth time, revoked the remaining suspended sentence of eight years and six

months of imprisonment, and resuspended eight years of the sentence. Johnson Bey argues that the

court had no jurisdiction to find him in violation of his probation because his probationary period

had already expired. We disagree.

                                BACKGROUND

In 2003, Stanley Edward Johnson Bey was convicted of possessing cocaine with the intent

to distribute as an accommodation and sentenced to ten years of imprisonment, all suspended. As

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

part of that sentence, the court ordered that Johnson Bey complete "an indeterminate period" of probation upon his release from incarceration. In 2005, the court found Johnson Bey violated his probation after Johnson Bey received a new criminal conviction. The court revoked his suspended sentence, resuspended all but three months, and again ordered an indeterminate period of supervised probation. On a second violation in 2008, the court again revoked the suspended sentence, resuspended it, and continued Johnson Bey on an indeterminate period of probation. Johnson Bey violated his probation for a third time, and in 2017 the trial court revoked his suspended sentence and resuspended nine years, giving him nine months to serve. The trial court continued Johnson Bey on the same probation conditions as it had previously imposed. In 2019, the court again found Johnson Bey in violation of his probation, revoked the nine-year suspended sentence, resuspended eight years and six months, and continued Johnson Bey on an indeterminate period of supervised probation.

In January 2022, Johnson Bey's probation officer filed a major violation report alleging that Johnson Bey had been convicted for driving a commercial vehicle without a license and had missed appointments with the officer. At the May 2022 revocation hearing, Johnson Bey asserted that the trial court lacked "jurisdiction to hear a revocation at this time because the original sentencing order was from 2003." He first pointed to the language of Code § 19.2-306(A), which states that when "the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A) further provides: "If neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned."

Johnson Bey argued that in 2003 he was convicted for the Class 5 felony of possessing cocaine with intent to distribute as an accommodation, an offense with a maximum sentence of ten years.[1] He maintained that "under the new statutory scheme," the trial court was "limited to the amount of supervised probation that the [c]ourt can impose" and that the "maximum period for which . . . the sentence could be revoked expired on June 25 of 2013," ten years from the original sentencing order. Defense counsel stated:

> I know these are recent changes to the law, but I do believe they're procedural in nature, and as the law stands now, I don't believe the [c]ourt has the authority or the jurisdiction to revoke any sentences since the maximum period . . . that his sentence could be revoked was in 2013.

The Commonwealth responded that "all of these new probation laws are prospective" and that any statutory change "prospectively limits this [c]ourt's ability to put someone on probation longer than the amount of time that they could have been incarcerated."

The trial court observed that, in 2003, Code § 19.2-303.1 permitted the court to "fix the period of suspension without regard to the maximum applicable sentence period." The trial court rejected Johnson Bey's contention that it lacked jurisdiction and found that the statutory amendments did not alter its authority to revoke his suspended sentence. The trial court revoked the remaining eight years and six months of Johnson Bey's sentence, resuspended all but six months, and released him from supervised probation. This appeal followed.

ANALYSIS

Johnson Bey asserts that as a result of statutory changes enacted by the General Assembly in 2021, the court lacked jurisdiction to find him in violation of probation after ten years had passed from his original sentence because these statutes now limit an "indeterminate"

---

[1] Under Code § 18.2-248(D), possession of drugs with the intent to distribute as an accommodation is a Class 5 felony punishable by a maximum of ten years of imprisonment. Code § 18.2-10(e).

- 3 -

term of probation to the statutory maximum period of incarceration a court could have imposed—here, ten years. Whether a court has authority to revoke a suspended sentence is a question of "statutory interpretation and presents a pure question of law, which this Court reviews *de novo*." *Hodgins v. Commonwealth*, 61 Va. App. 102, 107 (2012). We also review questions of retroactivity and any challenge to a court's jurisdiction de novo. *Street v. Commonwealth*, 75 Va. App. 298, 304 (2022); *Riddick v. Commonwealth*, 72 Va. App. 132, 139 (2020).

When Johnson Bey was sentenced for his drug conviction in 2003, Code § 19.2-303.1 provided: "In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension *for a reasonable time*, having due regard to the gravity of the offense, *without regard to the maximum period for which the defendant might have been sentenced*." 1982 Va. Acts ch. 636 (emphasis added). Effective July 1, 2021, however, the General Assembly amended and reenacted Code § 19.2-303.1 to provide: "In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for *up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned*." 2021 Va. Acts Sp. Sess. I. ch. 538 (emphasis added) (amending and reenacting Code § 19.2-303.1). The General Assembly simultaneously amended and reenacted Code § 19.2-303 to include a corresponding limitation on a term of probation ordered as a condition of a suspended sentence: "The court may fix the period of probation for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned."

Thus, when Johnson Bey was sentenced to an indeterminate period of probation in 2003, he received a lawful sentence. The same is true when the court found him in violation of his probation in 2019, revoked his nine-year suspended sentence, resuspended eight years and six

- 4 -

months of that sentence, and again ordered that Johnson Bey serve an indeterminate period of supervised probation. While this order extending Johnson Bey's probation did not mention a corresponding extension of the sentence suspension, "an express extension of a period of probation implicitly creates a corresponding period of sentence suspension." *Hill v. Commonwealth*, 301 Va. 222, 227 (2022).

Johnson Bey maintains on appeal that "[w]hen the General Assembly amended [Code] § 19.2-303.1, it amended the subject matter jurisdiction of the trial court over revocations." Because a trial court only has jurisdiction to revoke a suspended sentence or period of probation "for any cause the court deems sufficient that occurred at any time *within* the probation period, or *within* the period of suspension fixed by the court," Code § 19.2-306(A) (emphasis added), Johnson Bey argues the court had no jurisdiction to revoke his probation or suspended sentence more than ten years after he began his term of probation or suspension, because ten years is the statutory maximum period of incarceration authorized for the offense. In essence Johnson Bey asks us to find that 2021 amendment to Code § 19.2-303.1 "withdrew jurisdiction" from the trial court, automatically changing the prior lawful order of the court that placed him on an indeterminate period of probation and amending the period of probation to only ten years. We disagree that the General Assembly's amendment of Code § 19.2-303.1 had such an effect on a preexisting, final order of the court.

As this Court has explained in many recent cases, "a statute is always construed to operate prospectively unless a contrary legislative intent is manifest." *Montgomery v. Commonwealth*, 75 Va. App. 182, 190 (2022) (quoting *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021)). Johnson Bey has not made any argument that the legislature intended for Code § 19.2-303.1 to apply retroactively to every court order entered prior to 2021,

automatically reducing every indeterminate period of probation term to the maximum period of incarceration allowed by a statute of conviction. And we see no evidence of such an intent.

Furthermore, when "[r]eenacted" is "used in the title or enactment of a bill or act of the General Assembly" it "means that the changes . . . are effective prospectively *unless the bill expressly provides that such changes are effective retroactively on a specified date*." Code § 1-238 (emphasis added). "The General Assembly specifically stated '[t]hat §§ 19.2-303, 19.2-303.1, and 19.2-306 of the Code of Virginia are amended *and reenacted* and that the Code of Virginia is amended by adding a section numbered 19.2-306.1[.]'" *Green v. Commonwealth*, 75 Va. App. 69, 81 (2022) (alterations in original) (quoting 2021 Va. Acts Sp. Sess. I c. 538). Thus, we look "solely to the express language of the amendment in determining whether to apply it retroactively." *Id.* at 82. Code § 19.2-303.1 lacks an express statement that the General Assembly intended for Code § 19.2-303.1 to retroactively amend prior final orders of the court.

Finally, in the case of a procedural statutory change, an amended statute "will apply prospectively to any procedure or process occurring after its effective date irrespective of when any cause of action or criminal offense may occur." *Montgomery*, 75 Va. App. at 191; *see also* Code § 1-239 ("proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings"). Assuming for argument that Code § 19.2-303.1 was a procedural statutory change, it would only limit a court's authority in how long the court could suspend a sentence at hearings *after* July 2021.

"We have previously recognized a trial court's authority to extend a defendant's suspension period after entering a sentencing order." *Wright v. Commonwealth*, 32 Va. App. 148, 151 (2000); *see also Dunham v. Commonwealth*, 59 Va. App. 634, 639 n.2, *aff'd*, 284 Va. 511 (2012). In *Briggs v. Commonwealth*, 21 Va. App. 338 (1995), the trial court entered a January 13, 1982 conviction order that suspended imposition of the defendant's sentence for an

unspecified period of time. Because the crime for which the defendant had been convicted

carried a maximum sentence of ten years, the suspension period would have expired on January

13, 1993. *See id.* at 341-42.[2] On November 10, 1983, the trial court revoked the suspended

sentence and sentenced the defendant to ten years in prison with five years suspended for an

unspecified period of time. *Id.* at 343. In July 1994, the trial court conducted another revocation

proceeding, upon evidence that the defendant had committed another crime and probation

violations in May and October 1993. *Id.* The defendant argued that the court lacked jurisdiction,

contending that "because the trial court provided no specific period of suspension in either the

January 13, 1982 or November 10, 1983 orders, the statutory period of suspension under Code

§ 19.2-306 ran from the date of the first order." *Id.* at 341. This Court rejected this contention

and concluded:

> [T]he trial court had the power, pursuant to Code § 19.2-306, to
> revoke the original suspended sentence at any time until January
> 13, 1992. The trial court revoked the suspended sentence on
> November 10, 1983 and imposed the sentence that originally could
> have been imposed on January 13, 1982. All of the trial court's
> actions followed the statutory directives of Code § 19.2-306, and
> no case law or statutory authority restricts the trial court's actions
> in this case.

*Id.* at 344-45.

As in *Briggs*, the trial court's actions revoking Johnson Bey's suspended sentence in

2005, 2008, 2017, and 2019 followed the statutory directives of Code § 19.2-306. When

Johnson Bey appeared before the court in May 2022 for his revocation hearing, the court was

authorized to "revoke the suspension of sentence for any cause the court deems sufficient that

occurred at any time within the probation period, or within the period of suspension fixed by the

---

[2] While "[t]he original ten year 'maximum' period ended on January 13, 1992," under
Code § 19.2-306, "up until one year after the expiration of the maximum period, trial courts may
revoke a sentence based on actions that occurred within the period." *Briggs*, 21 Va. App. at
342 n.1.

court." Code § 19.2-306(A). Because "neither a probation period nor a period of suspension was fixed by the court," the court could "revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned." *Id.* The trial court was permitted to revoke Johnson Bey's suspended sentence for any cause occurring through 2029—ten years (the statutory maximum penalty for the original offense) from the 2019 order last revoking Johnson Bey's suspended sentence.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*