COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Causey and Frucci


ANTHONY BELL VOLIVA

v.     Record No. 2056-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 9, 2025


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Afshin Farashahi, Judge

(Josue M. Casanova, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Israel-David J.J. Healy,
Assistant Attorney General, on brief), for appellee.


The Circuit Court of the City of Virginia Beach found that Anthony Bell Voliva violated

the terms and conditions of his felony probation and revoked and resuspended all but two years

of his previously suspended three-year sentence. On appeal, Voliva contends that the circuit

court erred in finding that, at the time of the hearing, it retained jurisdiction to revoke his

previously suspended sentence. We disagree and affirm.[1]

BACKGROUND

Following a bench trial on June 16, 2015, the trial court convicted Voliva on one count of

impersonating a law enforcement officer, second or subsequent offense. By final order of

September 24, 2015, the trial court sentenced Voliva to four years in prison, with all time

---

* This opinion is not designated for publication. See Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." See Code § 17.1-403(ii)(b); Rule 5A:27(b).

suspended except for time served. Voliva's suspended sentence was conditioned upon his remaining of uniform good behavior for four years and successful completion of an indeterminate period of supervised probation.

Voliva began supervision on September 21, 2015. On May 14, 2018, his probation officer filed a major violation report (MVR) alleging that Voliva had acquired new charges for stalking, phone tapping, violating a protective order, trespassing, and assault. He was later convicted of reckless driving and one count of stalking, and the other charges were dismissed or withdrawn. Thus, on April 25, 2019, the trial court found Voliva in violation of his probation and revoked and resuspended all but one year of his remaining sentence. The trial court entered the revocation order on May 6, 2019. The revocation order again conditioned Voliva's suspended sentence on his remaining of "good behavior for 4 years" and supervised probation "until released by the probation officer." Voliva began his second period of probation "upon [his] release from incarceration."

On August 23, 2023, the Commonwealth moved for the issuance of a capias upon its allegation that Voliva violated the terms of his probation by obtaining new convictions for stalking with the intent to cause fear, second offense, arson of personal property with malice or intent to defraud, and statutory burglary of a dwelling. The petition asserted that the offenses occurred in September and October of 2021 and that Voliva was sentenced for his crimes on June 26, 2023. Voliva was arrested on the capias on March 14, 2024.

On September 9, 2024, Voliva appeared before the trial court for his revocation hearing. Voliva stipulated to the violation as detailed by the Commonwealth. Based on Voliva's stipulation and his newly acquired convictions, the trial court found him in violation of "the conditions of good behavior." The trial court noted that the facts of his underlying conviction for impersonating a police officer were "disturbing[,]" and moreover, that his most recent

- 2 -

convictions "indicate[d] a level of dangerousness." The trial court revoked and resuspended all but two years of the unserved portion of his previously suspended sentence. The court entered its revocation and sentencing order on September 16, 2024. According to its express terms, the order did "*not* place the defendant upon terms and conditions or any further period of good behavior or probation as a condition of suspension."

On September 23, 2024, Voliva moved the trial court to set aside the verdict, arguing that the trial court did not have jurisdiction to revoke his probation because he was no longer on probation or good behavior at the time of the new offenses. Voliva contended that based on the 2021 amendments to Code § 19.2-306, Voliva's suspended sentence expired on September 24, 2020, when measured from the date of his original conviction order. He also argued that the May 6, 2019 revocation order did not extend his period of suspension beyond that time frame.

The Commonwealth opposed the motion, arguing that Voliva's argument was a collateral attack on the lawfully issued 2019 revocation order and that because the 2021 amendments to Code § 19.2-306 do not apply retroactively, they had no effect on the 2019 revocation order. The Commonwealth argued that because the 2019 revocation order lawfully extended the period of Voliva's suspension, the trial court retained jurisdiction to enforce the terms and conditions of that order.

On October 2, 2024, the trial court held a hearing on the motion to set aside the verdict. Voliva argued that rather than attempting to collaterally attack the 2019 revocation order, he believed "the good behavior period [in the 2019 order] has to be not gotten rid of, but amended, altered, to match what the 2021 amendment says." The trial court responded that based on its understanding of recent similar cases from this Court, the trial court "had the authority, pursuant to the prior [revocation order] . . . to revoke and impose" the remainder of Voliva's active

incarceration because the 2019 revocation order was lawfully issued and unaffected retroactively by the 2021 amendments.

Voliva responded that based on the 2021 amendments to the relevant code section, any period of suspension "is measured from the original sentencing order, not from the most recent [order]." Voliva admitted that a retroactivity argument would be contrary to Supreme Court precedent and denied making one, but he insisted that the trial court still had "to go back and measure from the original sentencing order and not from the most recent [revocation order]."

The trial court ruled that Voliva's argument was an improper retroactive application of the 2021 amendments to the 2019 revocation order. While the court agreed that under the 2021 amendments it no longer had authority to again place Voliva on probation, it disagreed that it had lost jurisdiction to revoke Voliva's previously suspended sentence, which the court explained, was why it "gave [Voliva] two years of active time and specifically did not put him on additional probation or good behavior." Therefore, the trial court denied Voliva's motion to set aside the verdict. Voliva appeals.

ANALYSIS

On appeal, "[w]e 'view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). However, "[u]nder well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007). "Whether a statute

should be applied retroactively is also a question of law that an appellate court reviews *de novo*." *Street v. Commonwealth*, 75 Va. App. 298, 304 (2022).

Code § 19.2-303 provides that, "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine." At the time of Voliva's initial conviction for impersonating a police officer in 2015, Code § 19.2-303.1 authorized the circuit court to "fix the period of suspension *for a reasonable time . . . without regard to the maximum period for which the defendant might have been sentenced*." 1982 Va. Acts ch. 636, at 1091 (emphasis added). The circuit court relied on this provision when it entered the September 24, 2015 sentencing order and suspended Voliva's sentence on the condition that he remain of good behavior for four years and complete an indeterminate period of supervised probation. That statutory provision remained in place when the court entered its revocation order in 2019, and again placed Voliva on an indeterminate period of supervised probation and four years of good behavior. *See Johnson-Bey v. Commonwealth*, 303 Va. 386 (2024).

In 2021, the General Assembly amended and reenacted Code §§ 19.2-303.1 and 19.2-306. *See Hannah v. Commonwealth*, 303 Va. 107, 117 (2024) (discussing 2021 Va. Acts Spec. Sess. I ch. 538, at 1719-20 (effective July 1, 2021)). Under the amendments, "Code § 19.2-303.1 established a statutory maximum suspension period for suspended sentences." *Johnson-Bey*, 303 Va. at 392. Code § 19.2-303.1 now provides that "[i]n any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-303.1.

> Similarly, amended Code § 19.2-306(C) provides, in pertinent part, that when courts resuspend defendants' sentences, they may do so "for a period up to the statutory maximum for which the defendant might originally have been sentenced to be imprisoned, less any time

already served, and may place the defendant upon terms and conditions or probation."

*Barrow v. Commonwealth*, 81 Va. App. 535, 547 (2024) (quoting Code § 19.2-306(C)).  Code § 19.2-306(C) added that the court "shall measure the period of any suspension of sentence from the date of the entry of the original sentencing order."

Voliva asserts that the 2021 amendments to Code §§ 19.2-303, -303.1, and -306 effectively limited his probationary term to the five-year statutory maximum period of incarceration the trial court could have imposed for his 2015 conviction.  Thus, he reasons that, under the current statutory framework, the allowable active period of probation for his 2015 conviction ended five years later—on September 24, 2020—and he concludes that the trial court, therefore, lacked jurisdiction to revoke his sentence at the most recent probation violation hearing in 2024.  Whether a court has authority to revoke a suspended sentence is a question "of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*."  *Hodgins v. Commonwealth*, 61 Va. App. 102, 107 (2012).  We find that the trial court retained jurisdiction in 2024 to revoke Voliva's previously suspended sentence.  The 2021 amendments did not affect the trial court's exercise of its jurisdiction in this case.

To begin, Voliva does not challenge the lawfulness of his original sentence, its suspension, or the period of probation imposed by the court, under the prior statutes.  He also denies that he is arguing for a retroactive application of the 2021 amendments to his case.  Instead, Voliva maintains that, upon the enactment of the 2021 amendments to Code §§ 19.2-303.1 and -306, his probationary period reached its conclusion five years after the entry of the *original* sentencing order in September 2015, and he maintains that the 2019 revocation order "could not extend [his] period of suspension beyond what the 2021 amendments allow."  We disagree that the 2021 amendments so affected the preexisting orders of the trial court.

- 6 -

As this Court has already explained, "a statute is always construed to operate prospectively unless a contrary legislative intent is manifest." *Montgomery v. Commonwealth*, 75 Va. App. 182, 190 (2022) (quoting *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021)). Furthermore, when the term "[r]eenacted" is "used in the title or enactment of a bill or act of the General Assembly" it "means that the changes . . . are effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date." Code § 1-238. "The General Assembly specifically stated '[t]hat §§ 19.2-303, 19.2-303.1, and 19.2-306 of the Code of Virginia are amended *and reenacted* and that the Code of Virginia is amended by adding a section numbered 19.2-306.1[.]'" *Green*, 75 Va. App. at 81 (alterations in original) (quoting 2021 Va. Acts Spec. Sess. I ch. 538). Thus, we look "solely to the express language of the amendment in determining whether to apply it retroactively." *Id.* at 82.

"No explicit or unequivocal language in the 2021 amendments states that they retroactively modify or annul provisions in prior criminal sentencing orders." *Johnson-Bey*, 303 Va. at 393. "This conclusion leaves undisturbed the traditional view that '[f]or criminal sentencing, courts should apply the penalty in existence at the time of the commission of the underlying offense.'" *Id.* (alteration in original) (quoting *Hannah*, 303 Va. at 122). Voliva's 2015 conviction order and the 2019 revocation order involve a criminal offense and a suspended-sentence violation committed *before* the effective date of the 2021 amendments to Code §§ 19.2-303.1 and 19.2-306(C). Thus, the statutory amendments did not limit the trial court's ability to revoke and reimpose, even in its entirety, Voliva's suspended sentence at the September 2024 revocation hearing because they did not retroactively apply to the underlying crime or to the 2019 revocation order. If anything, the amendments merely limited the trial court's authority to resuspend his sentence *and return him to probation*. *See* Code § 19.2-306.

"We have previously recognized a trial court's authority to extend a defendant's suspension period after entering a sentencing order." *Wright v. Commonwealth*, 32 Va. App. 148, 151 (2000); *see also Dunham v. Commonwealth*, 59 Va. App. 634, 639 n.2, *aff'd*, 284 Va. 511 (2012). In *Briggs v. Commonwealth*, 21 Va. App. 338 (1995), the trial court entered a January 13, 1982 conviction order that suspended imposition of the defendant's sentence for an unspecified period of time. *Id.* at 341. Because the crime for which the defendant had been convicted carried a maximum sentence of ten years, the suspension period would have expired on January 13, 1993.[2] *Id.* at 341-42. On November 10, 1983, the trial court revoked the suspended sentence and sentenced the defendant to ten years in prison with five years suspended for an unspecified period of time. *Id.* at 343. In July 1994, the trial court conducted another revocation proceeding, upon evidence that the defendant had committed another crime and violated his probation in May and October 1993. *Id.* The defendant asserted that the court lacked jurisdiction and argued that "because the trial court provided no specific period of suspension in either the January 13, 1982 or November 10, 1983 orders, the statutory period of suspension under Code § 19.2-306 ran from the date of the first order." *Id.* at 341. This Court rejected that contention and held:

> When the trial court revoked its suspension of imposition of sentence on November 10, 1983, it was well within the statutory time limitation of Code § 19.2-306. At that time, the trial court could have suspended the five-year suspended sentence for a period of ten years (or more), being limited only by what would be "reasonable." Code § 19.2-303.1. Because the trial court was again silent as to the period of suspension, the limitations of Code § 19.2-306 *applied from that point.*

*Id.* at 343-44 (emphasis added).

---

[2] Although "[t]he original ten year 'maximum' period ended on January 13, 1992," at the time *Briggs* was decided, Code § 19.2-306 provided that "up until one year after the expiration of the maximum period, trial courts may revoke a sentence based on actions that occurred within the [probationary] period." 21 Va. App. at 342 n.1.

As in *Briggs*, the trial court in Voliva's case initially had the authority under Code § 19.2-306 to revoke Voliva's suspended sentence at any time until September 24, 2020. The trial court then revoked his suspended sentence in May 2019 and reimposed the sentence that originally could have been imposed in 2015, thus extending the suspension of his sentence until May 6, 2024. The 2019 revocation of Voliva's suspended sentence followed the statutory directives of Code § 19.2-306 that governed Voliva's case at the time. Thus, when Voliva appeared before the court in September 2024 for a new revocation hearing, the court was authorized to "revoke the suspension of sentence for any cause the court deem[ed] sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Because "neither a probation period nor a period of suspension was fixed by the court," the court could "revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned." *Id.* The trial court was, therefore, permitted to revoke Voliva's suspended sentence for any cause occurring through May 6, 2024—which was five years (the statutory maximum penalty for the original offense) from the 2019 order last revoking Voliva's suspended sentence.

Because the conduct giving rise to Voliva's probation violation occurred in 2021 while he was still under a period of indefinite supervised probation and four years of good behavior, the trial court retained jurisdiction to revoke Voliva's previously suspended sentence, in whole or in part, and order it served. Thus, we find no error in the court's decision.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

- 9 -